[No. 10504.   Department One.   December 8, 1913.]

THE STATE OF WASHINGTON, *Respondent*, v. LINDA
BURFIELD HAZZARD, *Appellant*.[1]

APPEAL—REHEARING—QUESTIONS CONSIDERED. Upon a petition for rehearing, the supreme court will not consider points then raised by an appellant for the first time, unless they can be predicated reasonably upon assignments of error theretofore made.

Motion filed in the supreme court December 1, 1913, for an order showing the consideration of a Federal question in denying a petition for rehearing. Denied.

*Milo A. Root, Karr & Gregory*, and *J. H. Buchanan*, for appellant.

*Thomas Stevenson*, for respondent.

CROW, C. J.—Appellant, being charged with murder in the first degree, was convicted of manslaughter, and the judgment of the superior court of Kitsap county was affirmed by this court. *State v. Hazzard*, 75 Wash. 5, 134 Pac. 514. Thereafter, a petition for rehearing was filed, in which ap-

[1]Reported in 137 Pac. 143.

pellant for the first time, contended that the method of prosecution adopted by the state, and permitted by the trial court, and the instructions of the trial judge, constituted an infringement of appellant's rights and privileges guaranteed by the fifth and fourteenth amendments to the constitution of the United States, and that Rem. & Bal. Code, §§ 2167, 2168, 2263 (P. C. 135 §§ 1203, 1205, 21), if given the construction which the rulings and instructions of the trial court by necessary implication placed upon them, are obnoxious to, and an infringement of, such constitutional guarantees. This petition was denied without an opinion; and appellant, desiring to obtain a writ of error from the Supreme Court of the United States, now presents to this court a motion reading as follows:

"Comes now the above named appellant and defendant and moves the court for an order or other proper action or direction to make the record in this cause and court show the fact that this court considered and passed upon adversely the contention made by this appellant and defendant in her petition for rehearing (page 59 of the printed petition), that the method of prosecution adopted by the state and permitted by the trial court, and the charge to the jury given by the trial court constituted an infringement of the rights and privileges guaranteed to this defendant by the fifth and fourteenth amendments of the Constitution of the United States; and that §§ 2167, 2168 and 2263 of Rem. & Bal. Code of the laws of the state of Washington are obnoxious to said constitutional guaranty. This motion is made upon the assumption that this court did consider and pass adversely upon said contention. If this court did not consider or pass upon said contention then defendant respectfully moves for an order making the record show that fact."

The record shows that the contention set forth in the petition for rehearing, and mentioned in the motion, was neither made in the trial court nor in the briefs in this court. It was first presented in the petition for rehearing, substantially as above stated. Citing *Sullivan v. Texas*, 207 U. S. 416, *Illinois Cent. R. Co. v. Kentucky*, 218 U. S. 551, and *Kentucky*

*Union Co. v. Kentucky*, 219 U. S. 140, appellant contends that, where a Federal question is raised for the first time in a petition for rehearing in the state court, it will be examined by the United States Supreme Court, if the record shows that the state court considered the Federal question thus presented and passed thereon adversely to the petitioner's contentions. Citing other cases from the Supreme Court of the United States, appellant concedes that the United States Supreme Court will not review such matters unless the record affirmatively shows that the state court did consider and pass upon them. Denying a petition for rehearing in *State ex rel. Milwaukee Terminal R. Co. v. Superior Court*, 54 Wash. 365, 103 Pac. 469, 104 Pac. 175, this court, at page 377, said:

"The respondent has filed a petition for a rehearing *en banc*, wherein it seeks to raise the question that the condemnation sought is for a private and not a public use. This question was not raised, either in the original briefs or in the oral argument, and was not considered by the court. . . . We cannot sanction the practice of permitting new questions to be raised in a petition for rehearing."

The practice of this court not to consider points raised for the first time in petitions for rehearing, unless they can be predicated reasonably upon assignments of error theretofore made, is well established, and was clearly announced in the excerpt above quoted. For these reasons, conceding, without deciding, that a Federal question has been raised in appellant's petition for rehearing, this court properly refused to consider the same.

The motion for an additional order is denied.

CHADWICK, GOSE, ELLIS, and MAIN, JJ., concur.