[No. 31166. Department One. March 15, 1951.]

NED GUFFEY, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*[1]

*Walthew, Gershon, Yothers & Warner*, for appellant.

*The Attorney General* and *George LaBissoniere, Assistant*, for respondent department of labor and industries.

*Holman, Mickelwait, Marion, Prince & Black*, for respondent Rayonier, Inc.

SCHWELLENBACH, C. J.—July 25, 1946, Ned Guffey submitted a report of accident to the department of labor and

[1] Reported in 229 P. (2d) 321.

industries. The report claimed that he sustained an injury to his back and left leg May 24, 1946, while employed by Rayonier, Inc. September 30, 1946, the supervisor of industrial insurance entered an order rejecting Guffey's claim. November 25, 1946, Guffey applied to the joint board for a rehearing. By order issued December 13, 1946, a rehearing was granted. The rehearing was completed April 4, 1947, and on June 29, 1948, the joint board issued an order sustaining the action of the supervisor. July 3, 1948, the claimant appealed to the superior court for Skagit county.

June 14, 1949, the matter came on for trial before a jury. At the close of the claimant's case, the department and the employer moved for judgment in their favor. This motion was granted and, on June 27, 1949, the trial court entered judgment dismissing the claimant's appeal with prejudice. The judgment also recited that a motion for a new trial had been denied. This appeal follows.

April 11, 1950, appellant moved in this court to strike the statement of facts, which had been filed with the clerk of the superior court for Skagit county November 7, 1949. This motion was made on the ground that the statement of facts was not timely filed. April 28, 1950, we granted the motion to strike.

Appellant submits the following statement of question involved:

"Where substantial evidence is introduced of injury having been sustained in the course of extra-hazardous employment, can the trial court rule upon the sufficiency of the evidence to overcome the presumption of correctness of the joint board's findings on that issue of fact, as a matter of law, without submitting the same to the jury for its consideration under proper instructions?"

We are faced with this dilemma: The departmental record is replete with objections to questions asked of both expert and lay witnesses. The record also shows that numerous motions were made to strike certain testimony. Without a statement of facts we are unable to ascertain what objections were renewed upon the trial of the case

and what ruling the trial court made to such objections, if any, during the trial; or what motions, if any, were renewed to strike certain testimony, or what action the trial court took on such motions. If the entire record were before us we could determine whether or not the court ruled correctly on objections to testimony or on motions to strike, which, if any, were renewed during the trial.

In *Hunter v. Department of Labor & Industries*, 190 Wash. 380, 68 P. (2d) 224, the statement of facts had been served and filed subsequent to the time then allowed by rule. We granted a motion to strike the statement of facts. A motion was also made to strike the departmental record, the contention being that, since the statement of facts must be stricken, the departmental record, considered as a component part of the statement of facts, must likewise be stricken. We held:

"It is thus apparent that a bill of exceptions or statement of facts is but a part of the record, and that it is unnecessary to incorporate therein that which is itself already a part of the record. The departmental record herein being, by statute, a part of the record in the case, it was unnecessary to include it in the statement of facts, which likewise is only a part of the record. The motion to strike the departmental record from the record on appeal is, therefore, denied."

We then said:

"This leaves the record in this situation: We have before us the departmental record, but no statement of facts. To put the matter in another way, we have before us a part of the record, but in the absence of a statement of facts we can not know or say whether we have the entire record bearing upon the facts involved."

The *Hunter* case was an appeal from a judgment of the superior court, reversing an order of the department. We held:

"We have definitely laid down the rule that we will not in any case say that the judgment of the trial court is wrong upon questions of fact, unless we have before us all the evidence upon which the court passed judgment, and that this fact must affirmatively appear from the record. The presumption is that the court acted upon sufficient evidence.

Authorities upon this point are assembled in *Simmons v. Department of Labor & Industries,* 175 Wash. 290, 27 P. (2d) 567. See, also, *Strmich v. Department of Labor & Industries,* 186 Wash. 649, 59 P. (2d) 372.

"In the absence of a statement of facts in this case, we are unable to say upon what evidence the court based its findings, or that its findings were based solely upon the departmental record."

We held in *Boeing Aircraft Co. v. Department of Labor & Industries,* 22 Wn. (2d) 423, 156 P. (2d) 640, that a statement of facts was not necessary because the departmental record was properly in the record before this court. However, in that case, the only question before us was a question of law, and we were not called upon to determine what evidence the trial court considered in arriving at its decision.

In the case at bar we are asked to review the action of the trial court in granting the motion to dismiss. We cannot tell, from the record before us, what evidence it considered in determining that there was not sufficient evidence to go to the jury on the question as to whether or not appellant sustained an injury in the course of extrahazardous employment. We must therefore presume that the court decided the issue correctly.

The judgment is affirmed.

BEALS, ROBINSON, HILL, and DONWORTH, JJ., concur.

---

July 19, 1951. Petition for rehearing denied.