[No. 31348. Department One. August 23, 1951.]
ALEX GULLIN, *Appellant,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Respondent.*[1]

*Walthew, Gershon, Yothers & Warner,* for appellant.

*The Attorney General* and *James J. Krinbring, Assistant,* for respondent.

DONWORTH, J.—Appellant, Alex Gullin (herein referred to as claimant), sustained injuries while engaged in extra-hazardous employment as a result of riding to and from work in a flat-bodied truck over rough roads. His claim was duly filed with the department of labor and industries of the state of Washington and was allowed. Pursuant to an order of the supervisor of industrial insurance dated October 24, 1945, his claim was closed with a permanent partial disability award of twenty per cent of the maximum of unspecified injuries, in the sum of $720.

Claimant, being dissatisfied with the amount thus awarded, filed with the joint board of the department an application for reopening and rehearing his claim. The application for rehearing having been granted, evidence with relation to the nature and extent of claimant's injuries

[1]Reported in 235 P. (2d) 159.

was received. The joint board, by its order dated March 3, 1947, awarded claimant an additional thirty per cent of permanent partial disability, as compared to the maximum for unspecified disabilities, in the amount of $1,080.

Thereafter, on March 17, 1947, claimant filed an application for the reopening of his claim and the supervisor of industrial insurance directed the reopening for the payment of time loss compensation in the sum of $111.65 and all medical aid to June 26, 1947. No additional allowance for permanent partial disability was granted. Claimant appealed from this decision to the joint board. Hearings were held and, at the conclusion thereof, the action of the supervisor was sustained. From this decision, claimant appealed to the superior court and demanded a trial by jury.

There is nothing in the record showing whether or not the case was tried before a jury.

The trial court, in its judgment, recited that it had considered the departmental record and heard the argument of counsel. The judgment of dismissal concluded as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the above entitled action be and the same is hereby dismissed with prejudice and with costs to the defendant."

It further recited that a motion for a new trial had been denied. It is from this judgment that claimant has appealed to this court. No statement of facts has been filed.

Subsequent to the perfection of this appeal, but prior to the hearing before this court on the merits, respondent moved to dismiss the appeal for the reason that no statement of facts had been brought to this court. This motion was considered and denied without opinion on September 15, 1950.

■ Appellant contends that the trial court erred in granting a challenge to the sufficiency of the evidence, discharging the jury and dismissing the action.

This same contention was raised in *Guffey v. Department of Labor & Industries,* 38 Wn. (2d) 236, 229 P. (2d) 321. In the cited case, the statement of facts was stricken for

the reason that it was not timely filed. The court thereupon concluded that it could not review the ruling of the trial court as to the sufficiency of the evidence. The reasons assigned in the *Guffey* case for affirming the judgment of the trial court are applicable here. In this case, as in that, the departmental record contains numerous objections to the introduction of testimony. Without a statement of facts, we cannot know what testimony was admitted and what testimony was excluded, if any. For the reasons stated in the *Guffey* case, we cannot determine from the record before us whether the trial court committed error in entering its judgment of dismissal.

Shortly after this case was argued, this court announced its opinions in *Falkenstrom v. Department of Labor & Industries*, 38 Wn. (2d) 75, 228 P. (2d) 142, and *Guffey v. Department of Labor & Industries, supra*. The seeming conflict between the two cases was removed upon the rehearing in *Falkenstrom v. Department of Labor & Industries*, 38 Wn. (2d) 80, 232 P. (2d) 917. There is now no question but that the *Guffey* case (the decision in which became final July 19, 1951) is decisive of the question involved in the case before us.

The judgment is accordingly affirmed.

SCHWELLENBACH, C. J., BEALS, HILL, and FINLEY, JJ., concur.