[No. 31766. Department Two. January 17, 1952.]

JOE KARNISS, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

[1]Reported in 239 P. (2d) 555.

*F. W. Loomis,* for appellant.

*The Attorney General* and *J. Houston Vanzant, Jr., Assistant,* for respondent.

OLSON, J.—Appellant was injured on November 23, 1939. On June 29, 1942, the department paid him an award for

permanent partial disability and closed his claim. His application to reopen his claim on the ground of aggravation, dated March 15, 1943, was denied by the supervisor of respondent on May 23, 1943. Appellant filed a second application, December 4, 1944, to reopen his claim for aggravation. The supervisor denied this application January 9, 1945. January 29, 1945, a rehearing before the joint board was granted. After appellant had introduced his evidence, but before respondent submitted any evidence, the joint board was replaced by the board of industrial insurance appeals, hereinafter referred to as the board. September 26, 1949, after hearing respondent's evidence, the board directed that appellant's claim be reopened and that he be awarded an additional sum for permanent partial disability. Appellant, considering this award inadequate, appealed to the superior court.

The court, by agreement with the parties, examined the departmental record before trial, and ruled upon respondent's objections to the admissibility of the testimony of the only physician called by appellant in support of his claim. It then sustained a challenge to the sufficiency of appellant's evidence, and dismissed his appeal.

 The case presents questions of law and of fact. The questions of law pertain to the terminal dates involved in an application to reopen an industrial insurance claim to recover compensation for aggravation. We can consider them without a statement of facts. *Boeing Aircraft Co. v. Department of Labor and Industries,* 22 Wn. (2d) 423, 156 P. (2d) 640 (1945). The assignments of error which we can determine are the limitation of appellant's showing of aggravation to that occurring subsequent to the last order of the supervisor from which no appeal was taken (that is, the last order prior to the one now before us), and the limitation of his showing of aggravation to that occurring prior to the date of the application involved in this appeal.

 The first assignment of error is not well taken. The rule is that an order of the supervisor from which no appeal is taken is *res judicata* as to any issue before the depart-

ment at the time it was entered, but is not *res judicata* as to any aggravation occurring subsequent to that date. *Donati v. Department of Labor and Industries*, 35 Wn. (2d) 151, 211 P. (2d) 503 (1949). Consequently, no evidence of aggravation prior to the last order of the supervisor from which no appeal is taken is admissible, and the date of that order is one terminal date. The trial court ruled correctly on this issue.

█ Appellant's second assignment of error requires our consideration of the nature of the proceedings before the department and the board of industrial insurance appeals. The department acts upon a claim through its supervisor. Counsel agree that aggravation must be shown to have occurred at the time an application to reopen is made. If this is done, the supervisor may allow compensation for all aggravation to the date of his order. If the date of application were the critical date, then, in any case, a claimant could never recover for any aggravation occurring between that date and the date of the supervisor's order, because such an order, if no appeal is taken, is *res judicata* as to aggravation occurring prior to its date. An analogy is found in the recovery in civil cases for all damage suffered to the date of trial. *Taylor v. Lubetich*, 2 Wn. (2d) 6, 97 P. (2d) 142 (1939).

█ The board was created by the legislature in 1949. Laws of 1949, chapter 219, § 2, p. 726, Rem. Supp. 1949, § 10837-1. All proceedings pending before the joint board, such as this one, were transferred to the board and vested in it by § 5, p. 727, Rem. Supp. 1949, § 10837-4. That the board is an appellate body, disassociated from the department, is clearly shown in this act. It reviews the order of the supervisor, and any evidence introduced before it is for that purpose. This is established by quotation of but one sentence from the 1949 act, § 6, p. 729, Rem. Supp. 1949, § 7697:

". . . The Department shall be entitled to appear in all proceedings before the Board and introduce testimony in support of its order. . . ."

█ Because of the appellate nature of the proceeding before the board, the aggravation for which compensation

is awarded must be that which is shown before the supervisor, and it can only be that which has occurred when he hears the claim. The date of his order, and not the date of the board's order, is the other terminal date to which compensation may be allowed and beyond which no recovery can be granted for aggravation.

In this case, the second terminal date considered by the trial court was December 4, 1944, the date of appellant's application to reopen. The date it should have considered in this connection is January 9, 1945, the date of the supervisor's order denying appellant's application to reopen. Only thirty-six days intervene between these two dates. We have before us, as part of the statement of facts, the record made before the board. It appears from this record that the physician called by appellant examined him only once. The date of this examination was January 28, 1948. None of the testimony of the doctor is focused on this period of thirty-six days. It is not possible that any error regarding this short period prejudiced appellant in this case. Had the doctor examined appellant within the thirty-six days or had he referred to that period in his testimony, a different question would be presented.

Appellant's third assignment of error is that, because the board allowed him additional compensation for aggravation, the existence of aggravation was not in issue in this case in the superior court.

This contention can be of no avail to this appellant. Even if the existence of some aggravation is considered to be admitted, appellant has a further burden to meet in his appeal. He must sustain the burden of proof on the issue that the amount of compensation awarded him by the board was inadequate. Rem. Supp. 1949, § 7697, *supra*. So the question remaining is one of the sufficiency of the evidence to establish the amount of compensation appellant should receive.

This question, and appellant's contention that the court erred in sustaining a challenge to the sufficiency of the evidence and dismissing the action, can only be examined

by reviewing the rulings of the trial court on respondent's objections to the evidence. The appellant has not included these rulings in the statement of facts which he has brought here. We do not know what evidence the court considered. There was no prejudicial error in the rule applied by the trial court, and we, therefore, presume that it decided the issues correctly. *Guffey v. Department of Labor and Industries,* 38 Wn. (2d) 236, 229 P. (2d) 321 (1951); *Gullin v. Department of Labor & Industries, ante* p. 216, 235 P. (2d) 159 (1951).

The judgment is affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.

