[No. 31914. Department One. April 24, 1952.]

HERBERT KLEVEN, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

[1]Reported in 243 P. (2d) 488.

*Walthew, Gershon, Oseran & Warner,* for appellant.

*The Attorney General, Leo H. Fredrickson,* and *Bernard A. Johnson, Assistants,* for respondent.

MALLERY, J.—Appellant was injured on April 30, 1943, while operating a metal shear, with the result that three left-hand fingers were amputated.

The department made an award and closed his claim on January 3, 1944. This order was not appealed from, and, therefore, became *res judicata* as to the extent of his injury at that time. It was not *res judicata* as to subsequent aggravation. *Donati v. Department of Labor & Industries,* 35 Wn. (2d) 151, 211 P. (2d) 503.

Thereafter, and on December 7, 1945, appellant applied to reopen his claim on the only ground available to him, that is, aggravation of his injury occurring subsequent to the January 3, 1944, award. On January 10, 1946, his application was denied by the supervisor.

He appealed to the joint board, and had a hearing on April 12, 1946. He had the burden of showing aggravation of his condition by medical testimony. *Kresoya v. Department of Labor & Industries, ante* p. 40, 240 P. (2d) 257.

Some aggravation must have occurred subsequent to January 3, 1944, and prior to his application to reopen his claim, on December 7, 1945, although the extent of the aggravation up to the date of the supervisor's order, on January 10, 1946, was in issue before the department. *Karniss v. Department of Labor & Industries,* 139 Wn. (2d) 898, 239 P. (2d) 555.

The joint board did not rule on the appeal at the time of

the April 12, 1946, hearing, and the cause was later transferred to the board of industrial insurance appeals. After a further hearing, the board of industrial insurance appeals, on June 22, 1950, made its findings and increased appellant's award for permanent partial disability, but not as much as he desired. He, thereupon, appealed to the superior court for King county. That court granted a nonsuit upon the respondent's motion. He then appealed to this court.

The only medical testimony on appellant's behalf was introduced at the joint board hearing, on April 12, 1946, at which time the appellant also testified on his own behalf. Dr. Segal had examined appellant two days previous to the hearing for the purpose of qualifying himself as a witness. He testified as to appellant's condition at the time of the examination. Over objection, he rated appellant's disability at seventy-five per cent of the value of the hand amputated at the wrist. His testimony did not propose to show aggravation of the original injury, other than an inference from his statement that he found some atrophy which had occurred at some time. Nothing was said as to what period of time he meant, nor was any medical testimony, of any kind, offered or received purporting to cover the period in issue, that is to say, between the terminal dates in question.

Under the rule of the *Karniss* case, *supra*, the trial court was not concerned with any aggravation which might have occurred after January 10, 1946. Incidentally, it might be noted that since such subsequent aggravation is not in issue, the doctrine of *res judicata* does not apply to it.

The trial court was correct in granting a nonsuit.

The appellant contends that the existence of aggravation is no longer in issue, because the board of industrial insurance appeals had to find it in some degree in order to increase his award as it did. Upon this proposition we said in the *Karniss* case, *supra*:

"Appellant's third assignment of error is that, because the board allowed him additional compensation for aggravation, the existence of aggravation was not in issue in this case in the superior court.

"This contention can be of no avail to this appellant. Even if the existence of some aggravation is considered to be admitted, appellant has a further burden to meet in his appeal. He must sustain the burden of proof on the issue that the amount of compensation awarded him by the board was inadequate. Rem. Supp. 1949, § 7697, *supra*. So the question remaining is one of the sufficiency of the evidence to establish the amount of compensation appellant should receive."

Obviously, where the appellant failed to show any aggravation, he cannot be held to have shown more than the board of industrial insurance appeals found to exist.

The appellant contends that the doctor's testimony, recommending an award of seventy-five per cent of the amputation value of his hand at the left wrist, is sufficient to make a *prima facie* case of aggravation, because it was a higher rating than he has ever received.

■ Aside from the fact that the testimony was not directed to the period in issue, it has no probative value for the additional reason that it did not purport to compare appellant's condition before and after any aggravation, but was, instead, a comparison of the testimony of different witnesses without regard to the time involved. The time element is an indispensable ingredient of aggravation. The condition must be shown to be worse at a later time than it was earlier.

The appellant would have us infer from the testimony of two doctors, who disagreed on the degree of the claimant's disability, that his condition had improved or worsened to the extent of their difference during the interval of time between their testimony. We decline to make such an inference.

The judgment is affirmed.

SCHWELLENBACH, C. J., GRADY, DONWORTH, and WEAVER, JJ., concur.