[No. 32220. Department One. April 10, 1953.]

CLIFTON L. GILLMER, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*[1]

*Ralph Armstrong,* for appellant.

*The Attorney General* and *Paul D. Solomon, Assistant,* for respondent department of labor and industries.

*McLean & Klingberg* and *Jerry A. Houston,* for respondent The Long-Bell Lumber Company.

WEAVER, J.—The supervisor of industrial insurance granted a petition to reopen an industrial insurance claim upon the ground of aggravation. Subsequently, the claim

[1]Reported in 255 P. (2d) 899.

was closed with an additional award of twenty-five per cent of the maximum allowable for unspecified permanent partial disability. Does this admit the fact of aggravation so that it need not thereafter be proved in an appeal to the board of industrial insurance appeals?

In granting respondent's motion to dismiss for want of sufficient evidence, the trial court said:

"It seems to me that the motions of the employer and of the department are well taken for the reason that the only evidence in the record is the evidence of plaintiff's condition at the time of the doctor's examination of April 5, 1950; and that there is no testimony anywhere that such condition is an aggravation of the injury received in 1946."

April 11, 1946, appellant was injured in an industrial accident. His claim was closed July 18, 1946, with an award for time loss and medical aid. August 19, 1949, appellant filed an application to reopen his claim on the ground of aggravation of disability. October 24, 1949, the supervisor reopened appellant's claim, effective August 9, 1949, for "authorized treatment and action as indicated." March 14, 1950, the supervisor closed the claim with the award to which we have referred. March 24, 1952, the board of industrial insurance appeals filed its order sustaining the supervisor's order of March 14, 1950. An appeal to the superior court resulted in dismissal for want of sufficient evidence.

At the request of appellant's counsel, Dr. J. C. Woodward examined appellant on April 5, 1950. The doctor testified to appellant's condition at the time of the examination. He rated his disability at fifty per cent of the maximum allowed for unspecified injuries for low back disability. It clearly appears that, in stating his opinion, Dr. Woodward was testifying to appellant's condition as of the date of the examination. There is no testimony relating to or comparing appellant's condition on April 5, 1950, to any other time. Dr. Woodward testified that from his examination he could not determine appellant's condition in July, 1946, or in August, 1949. In response to a hypothetical question, which included a reference to appellant's 1946 injury, the doctor

testified, "In my opinion, the causation was traumatic." There is no evidence connecting the traumatic cause of appellant's condition on April 5, 1950, with the trauma of the 1946 injury. There is no reference to aggravation in Dr. Woodward's testimony.

At the request of the department, Dr. W. H. Clarke had examined appellant on September 26, 1949 (subsequent to filing of application to reopen and prior to reopening of the claim), and on February 6, 1950 (subsequent to reopening of claim and prior to closing). In his opinion, appellant was then suffering a permanent partial disability equivalent to twenty-five per cent of the unspecified injury.

Appellant argues that this is not an aggravation case because the issue of aggravation became *res judicata* when there was no appeal from the supervisor's order of October 24, 1949, reopening the claim; that this is simply an appeal from the amount of an award; and that the rules relative to the sufficiency of proof of an aggravation case do not apply under the facts of this case.

We cannot agree with appellant's contentions.

The same argument was urged in *Karniss v. Department of Labor & Industries,* 39 Wn. (2d) 898, 902, 239 P. (2d) 555, wherein we said:

"Appellant's third assignment of error is that, because the board allowed him additional compensation for aggravation, the existence of aggravation was not in issue in this case in the superior court.

"This contention can be of no avail to this appellant. Even if the existence of some aggravation is considered to be admitted, appellant has a further burden to meet in his appeal. *He must sustain the burden of proof on the issue that the amount of compensation awarded him by the board was inadequate.* Rem. Supp. 1949, § 7697, *supra.* So the question remaining is one of the sufficiency of the evidence to establish the amount of compensation appellant should receive." (Italics ours.)

We disposed of a similar contention in *Kleven v. Department of Labor & Industries,* 40 Wn. (2d) 415, 418, 243 P. (2d) 488, by the above quotation from the *Karniss* case. The

language of the *Kleven* opinion is particularly apt to the facts of this case. We said:

"Obviously, where the appellant failed to show any aggravation, he cannot be held to have shown more than the board of industrial insurance appeals found to exist.

"The appellant contends that the doctor's testimony, recommending an award of seventy-five per cent of the amputation value of his hand at the left wrist, is sufficient to make a *prima facie* case of aggravation, because it was a higher rating than he has ever received.

"Aside from the fact that the testimony was not directed to the period in issue, it has no probative value for the additional reason that it did not purport to compare appellant's condition before and after any aggravation, but was, instead, a comparison of the testimony of different witnesses without regard to the time involved. The time element is an indispensable ingredient of aggravation. The condition must be shown to be worse at a later time than it was earlier.

"The appellant would have us infer from the testimony of two doctors, who disagreed on the degree of the claimant's disability, that his condition had improved or worsened to the extent of their difference during the interval of time between their testimony. We decline to make such an inference."

Appellant attempts to distinguish the *Karniss* case and the *Kleven* case upon the ground that they involve a *refusal* of the supervisor to *reopen* the claim for aggravation of disability, while in the instant case, the supervisor *did reopen the claim for aggravation.*

Although there is this factual difference, we do not believe that it justifies one rule, by which the sufficiency of the evidence is tested under one factual situation, and another rule, to test it under the other.

The reason is this: Appellant's medical testimony must demonstrate that his claimed rating of disability relates to (a) *the same disability* found by the supervisor to exist, and also to (b) the same disability during the same period of time as that which could be considered by the supervisor. Such being the case, it makes no difference in the nature of the proof required of appellant, whether the claim had been reopened by the supervisor or had been reopened by the board of industrial insurance appeals.

Appellant's testimony does not meet this test. The decision and order of the board of industrial insurance appeals stated:

"In short, we have a record which demonstrated neither the correctness nor the incorrectness of the order of the supervisor."

The judgment is affirmed.

GRADY, C. J., MALLERY, SCHWELLENBACH and DONWORTH, JJ., concur.