[No. 32997. Department One. April 7, 1955.]

GEORGE C. ROBERTS, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Joseph T. Mijich, Assistant*, for appellant.

*Walthew, Oseran & Warner*, by *James E. McIver*, for respondent.

PER CURIAM.—As in *Harper v. Department of Labor & Industries, ante* p. 404, 281 P. (2d) 859, the question here is whether the claimant presented any medical testimony from which it could be found that there was a greater percentage of permanent partial disability at the time of the closing of his claim than that allowed by the supervisor of industrial insurance.

The supervisor closed the claim on July 5, 1950, with a permanent partial disability award of thirty-five per cent of maximum allowable for unspecified disabilities. Claimant appealed to the board of industrial insurance appeals. A hearing was had November 19, 1952. The board modified

[1] Reported in 282 P. (2d) 290.

the award by increasing it to fifty per cent. Claimant then appealed to the superior court. A jury rendered a verdict reversing the board and granting claimant an additional award of twenty per cent of the maximum allowable for unspecified disabilities, or a total award of seventy per cent. Judgment was entered upon the verdict, after the department's motions for judgment notwithstanding the verdict or for a new trial were denied. The department has appealed.

The only medical testimony offered by claimant was that of Dr. Charles Peterson, who testified that he saw the claimant only once, five days before the hearing. The doctor testified:

"Q. What would be your opinion as to the rating of this case? A. Well, as it stands now, again looking at my own figures here and that is of the date of the examination [November 14, 1952], I think perhaps he has 75% disability of his back. . . . Q. That is your opinion in this case, Doctor? A. At the present time. . . . I am testifying as to his disability, sir, as to what I found now. Q. What you find now. Then you make no estimation of what the situation would be in 1949, August 31 of 1949? A. No. I do know this condition progresses."

As in the *Harper* case, the medical expert did not base his findings upon objective symptoms which existed on or prior to the closing date, but relied solely upon his subsequent findings.

Respondent contends that the board considered the testimony of Dr. Peterson, hence it was proper to present the doctor's testimony to the jury. The sole function of the board was to review the correctness of the supervisor's order. *Karniss v. Department of Labor & Industries*, 39 Wn. (2d) 898, 239 P. (2d) 555 (1952). The increase allowed by the board could have been granted without consideration of the questioned testimony.

The judgment appealed from is reversed, with instructions to grant appellant's motion for judgment notwithstanding the verdict of the jury.