[No. 8012–5–II.   Division Two.   November 5, 1986.]

JOHN S. LYNCH, ET AL, *as Personal Representatives, Respondents*, v. RICHARD FROST, JR., *Defendant*, JACK JOSEPH BURNHAM, ET AL, *Appellants*.

*Herbert H. Fuller* and *Fuller & Fuller,* for appellants.

*John S. Lynch, Lynch & Lynch, George O. Darkenwald,* and *Buzzard, Glenn & Henderson,* pro se.

REED, J.—Jack Joseph Burnham and Caroline Loftus appeal a superior court order quieting title to certain real property in Thurston County. We affirm.

The facts of this case are not disputed. On June 16, 1947, Udella Burnham deeded certain real property to three of her children, Roland, Audrey and Mildred Burnham. This property was referred to at trial as the "Mildred Parcel". The relevant portion of the Udella deed states: "from the death of one, full title shall go to the two remaining survivors, and finally to the last survivor." Both Audrey and Roland predeceased Mildred, who died intestate.

Contending that the Udella deed created a tenancy in common, Richard Frost, Jr., Jack Joseph Burnham, and Caroline Loftus claimed titled to the property as the devisees of Audrey.[1] Accordingly, a suit to quiet title was begun by the copersonal representatives of Mildred's estate, the respondents in this case. The trial court found that Udella's intent was to vest fee title in the last of the three grantees to survive and thus concluded that she had created a joint tenancy with right of survivorship. Consequently, the devisees of Audrey were held to take nothing, Audrey's one–third having passed to Mildred as the surviving tenant. Title was therefore quieted in Mildred's estate.

Audrey's devisees do not dispute that the language of the

---

[1] Richard Frost, Jr., elected not to pursue the appeal and has been dismissed.

Udella deed manifests her intent to create a joint tenancy with right of survivorship. Rather, they argue that at the time the deed was executed it was not possible to create such an interest. The success of this argument hinges upon the effect to be given *Holohan v. Melville,* 41 Wn.2d 380, 249 P.2d 777, 255 P.2d 899 (1952). *Holohan* held that joint tenancy with right of survivorship could be created notwithstanding an 1885 statute that arguably abolished joint tenancy with right of survivorship. It is the position of Audrey's devisees that *Holohan* should be confined to its facts—*i.e.,* an oral agreement between tenants in common to create a survivorship estate—and held inapplicable to the instant case on the ground that *Holohan* contradicts the 1885 statute. We are thus urged to hold that the Udella deed actually created a tenancy in common.

The 1885 statute was put into place while Washington was still a territory; it was entitled "AN ACT To abolish the right of survivorship in estates held in joint tenancy" and stated in relevant part:

> SECTION I. That if partition be not made between joint tenants, the parts of those who die first shall not accrue to the survivors, but descend, or pass by devise, and shall be subject to debts and other legal charges, or transmissable to executors or administrators, and be considered, to every intent and purpose, in the same view as if such deceased joint–tenants had been tenants in common, *provided,* that community property shall not be affected by this act.

Laws of 1885, p. 165. In *Holohan,* the Supreme Court noted that in prior cases it had stated or implied that the 1885 statute abrogated the doctrine of survivorship as an incident of joint tenancies, and that the Legislature apparently believed the same. The court then set out to "test the accuracy" of statements in prior case law to the effect that the doctrine of survivorship had been abolished. *Holohan,* 41 Wn.2d at 387. In this connection, we note that the *Holohan* court rejected the very cases upon which the devisees now rely.

The issue in *Holohan* was the same as in the instant case:

"May the right of survivorship exist in estates held in joint tenancy notwithstanding the language of [the 1885] statute?" 41 Wn.2d at 389. After a careful discussion, which included the analysis of case law from other jurisdictions having statutes the same as or similar to the Washington 1885 statute, the court concluded that the statute was intended to abolish the right of survivorship only as an incident of a *technical* joint tenancy, or one arising by the common law presumption in favor of joint tenancy with right of survivorship; that the statute was not intended to abolish the right of survivorship where it *expressly appears* that a joint tenancy with right of survivorship was in fact meant to be created. 41 Wn.2d at 389–97.

■ The court said:

The presumption arising under the statute, then, is the opposite of that which arose at common law, where a grant to A and B was presumed to be to them as joint tenants [with right of survivorship] in the absence of evidence of a contrary intention. The presumption of tenancy in common under the statute is rebuttable. Where the necessary four unities exist and the intention is satisfactorily evidenced that the right of survivorship shall also exist . . ., the estate created possesses the essential attributes of a joint tenancy as known to the common law and will be treated as such.

(Citations omitted.) *Holohan,* 41 Wn.2d at 394. The interpretation given the 1885 statute by *Holohan* is binding upon this court and controls the issue before us. Accordingly, we find unpersuasive the devisees' argument to the contrary.

■■ The devisees also suggest that the 1953 amendment of RCW 11.04.070,[2] abrogating the right of survivor-

---

[2]As amended in 1953, RCW 11.04.070 read:

Preamble

That this act is passed:

(a) In the interest of affirming by law the general prevailing view as to the effect of RCW 11.04.070 that tenancy by the entireties has been superseded by the community property system and joint tenancy has in practical effect been converted into tenancy in common and since the right of survivorship has

ship as an incident of joint tenancy, diminishes the precedential value of *Holohan.* In this regard we note that the amendment of RCW 11.04.070 did not expressly provide for retroactive application. We will not imply retroactivity judicially, especially in light of the fact that vested rights are involved. *Miebach v. Colasurdo,* 102 Wn.2d 170, 180–81, 685 P.2d 1074 (1984). Furthermore, we note that "[t]he Legislature may not, under the guise of clarification, overrule by legislative enactment a prior authoritative Supreme Court opinion construing a statute." *Marine Power & Equip. Co. v. Human Rights Comm'n Hearing Tribunal,* 39 Wn. App. 609, 615, 694 P.2d 697 (1985). The 1953 amendment of RCW 11.04.070 had prospective effect only.

---

generally been regarded by lawyers, judges and legislators as having been abrogated; and

(b) Because it is deemed desirable to remove some uncertainties as to the application of the existing laws relative thereto resulting in confusion among persons dealing with property rights, now therefore:

Be it enacted by the Legislature of the State of Washington:

SECTION 1. Section 11.04.070, RCW, as derived from section 1, page 165, Laws of 1885, is amended to read as follows:

The right of survivorship by agreement or otherwise as a principle and as an incident of joint tenancy or of tenancy by the entireties is abolished. If partition is not made between joint tenants, the parts of those who die first shall not accrue to the survivors, but descend, or pass by devise, and shall be subject to debts and other legal charges, or transmissible to executors or administrators, and be considered, to every intent and purpose, in the same view as if such deceased joint tenants had been tenants in common: *Provided,* That this section shall not apply in the following circumstances:

(1) As between husband and wife in dealing with community property as otherwise provided by statute.

(2) As to property and rights where the right of survivorship has been or may be revived by statute.

(3) As to property and rights conveyed to trustees while subject to the trust.

SEC. 2. This act is necessary for the immediate preservation of the public peace, health or safety support of the state government and its existing public institutions and shall take effect immediately.

Laws of 1953, ch. 270, §§ 1, 2.

RCW 11.04.070 was repealed by the 1961 enactment of RCW 64.28.010 which, consistent with *Holohan,* allowed right of survivorship as an incident of joint tenancy when the intent to create a joint tenancy was expressly declared. Laws of 1961, ch. 2, § 1. RCW 64.28.010 was amended to its present form in 1963 without relevant change for our purposes. Laws of 1963, 1st Ex. Sess., ch. 16, § 1.

For the above reasons, we must conclude that the 1947 Udella deed successfully created a joint tenancy with right of survivorship.

The order of the trial court is affirmed.

WORSWICK, C.J., and ALEXANDER, J., concur.

Review denied by Supreme Court March 4, 1987.