COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33552-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING MOTION |
| | ) | FOR RECONSIDERATION |
| MAGDALENO CRUZ TELLEZ, | ) | AND WITHDRAWING THE |
| | ) | OPINION FILED MAY 5, 2016 |
| Appellant. | ) | |

THE COURT has considered Appellant's motion for reconsideration and the answer thereto, and is of the opinion the motion should be granted. Therefore,

IT IS ORDERED, the motion for reconsideration of this court's decision of May 5, 2016, is hereby granted.

IT IS FURTHER ORDERED, the court's opinion filed May 5, 2016, is hereby withdrawn and a new opinion will be filed this day.

PANEL: Judges Pennell, Siddoway, Fearing

BY A MAJORITY:

_George Fearing_
_____
GEORGE B. FEARING, Chief Judge

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33552-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MAGDALENO CRUZ TELLEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — In June 2015, Magdaleno Cruz Tellez was convicted in a stipulated facts trial before the Benton County Superior Court of violating a protective order, a gross misdemeanor. On appeal, he challenges the superior court's imposition of discretionary legal financial obligations (LFOs). He contends (1) the trial court failed to make an individualized determination of his present and future ability to pay, and (2) his counsel provided ineffective assistance of counsel by failing to object to the LFOs. Because Mr. Cruz Tellez did not raise the LFO issue before the trial court at sentencing, we exercise our discretion under RAP 2.5(a) and decline to address this contention. We also conclude Mr. Cruz Tellez does not establish ineffective assistance of counsel on this record. Thus, we affirm.

FACTS

During the sentencing phase of Mr. Cruz Tellez's stipulated facts trial, the court asked Mr. Cruz Tellez about his projected financial situation, and then imposed LFOs:

THE COURT: I'll ask you, were you employed at the time you were arrested on this?

THE DEFENDANT: Yes.

THE COURT: What were you doing at that time?

THE DEFENDANT: Forklift driver at Pasco Processing.

THE COURT: Has anything changed to where you're physically or unable at this time to work?

THE DEFENDANT: No. I have the opportunity. I'm ready to go back to work.

THE COURT: All right then. Is there any other reason why you would not be able to pay legal-financial obligations associated with this judgment and sentence?

THE DEFENDANT: No.

THE COURT: Ok. So, I'll assess a $500.00 victim assessment, $860.00 in costs, a $100.00 domestic violence assessment.

Report of Proceedings at 10. Neither Mr. Cruz Tellez nor defense counsel objected.

The trial court imposed mandatory fees of $500 for the victim assessment (RCW 7.68.035), $100 for the domestic violence penalty assessment (RCW 10.99.080) and $200 for the criminal filing fee, for a total of $800. *See State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013) (the criminal filing fee is mandatory). The trial court also imposed discretionary fees of $60 for the sheriff's service fee and $600 for attorney fees, for a total of $660. Upon Mr. Cruz Tellez's motion after trial, the trial court found he lacked sufficient funds to seek an appeal, and entered an order of indigency granting him the right to review at public expense.

## DISCRETIONARY LFOs

In March 2015, two months before Mr. Cruz Tellez was sentenced, the Washington Supreme Court decided *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680

2

(2015), which made clear that under RCW 10.01.160(3),[1] a sentencing court must make an individualized inquiry on the record into the defendant's present and future ability to pay LFOs. *Blazina*, 182 Wn.2d at 838. Citing *Blazina*, Mr. Cruz Tellez contends for the first time on appeal that the trial court violated RCW 10.01.160(3) because it ordered him to pay discretionary LFOs without considering his current or future ability to pay.

Mr. Cruz Tellez did not challenge the LFOs or the sufficiency of the individualized inquiry at his sentencing. Consequently, he is not automatically entitled to review. *Blazina*, 182 Wn.2d at 832. RAP 2.5(a) grants appellate courts discretion whether to review a defendant's LFO challenge raised for the first time on appeal. *Id.* at 833. Here, the sentencing court heeded *Blazina* and engaged in some individualized inquiry. Because only the sufficiency of the inquiry could arguably be the basis for appeal, we decline to review his unpreserved challenge.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Cruz Tellez contends his trial counsel provided ineffective assistance of counsel by failing to challenge the LFOs. Based on this record, we do not find prejudicial error.

---

[1] The provision states the court "shall not order a defendant to pay costs unless the defendant is or will be able to pay them." RCW 10.01.160(3). In its inquiry, the court must take into account the defendant's financial resources and the burden of the costs. *Id.*

3

Our review of ineffective assistance of counsel claims is de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To prove ineffective assistance of counsel, Mr. Cruz Tellez must show with a preponderance of the evidence that his trial counsel's performance fell below an objective standard of reasonableness, and that this deficiency actually prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). We will find prejudice if it is reasonably probable that, but for the deficient performance, the outcome of the trial would have been different. *McFarland*, 127 Wn.2d at 335. Mr. Cruz Tellez fails to show either deficient performance or prejudice.

First, he does not show that trial counsel had any reason to object to the imposition of LFOs. As *Blazina* established, the trial court must make an individualized inquiry into a defendant's current and future ability to pay. 182 Wn.2d at 838. Additionally, if the defendant meets the GR 34 standard for indigency, a court "should seriously question that person's ability to pay LFOs." *See id.* at 838-39 (under GR 34, the court must find a person indigent if he or she receives assistance from a needs-based program or if he or she has a household income below 125 percent of the federal poverty guideline). Here, although Mr. Cruz Tellez apparently met the GR 34 standard for indigency, the sentencing court's inquiry into his ability to pay was sufficient to establish that Mr. Cruz Tellez thought he would be able to pay off his LFOs. Before imposing the LFOs, the

4

court asked whether he would be able to return to his work as a forklift driver and allowed Mr. Cruz Tellez to give any other reasons why he would not be able to pay. Under these circumstances, defense counsel reasonably did not object to the imposition of LFOs.

Second, the record also suggests that any objection raised would have been unsuccessful. Mr. Cruz Tellez contends defense counsel should have informed the court that he had outstanding LFOs from other convictions totaling over $12,000. *See* Appellant's Br., Appendix 1. This information does not appear in the record and is not properly before this court on appeal. *See State v. Grier*, 171 Wn.2d 17, 29, 246 P.3d 1260 (2011) (when ineffective assistance is raised on appeal, the court may consider only facts within the record). Moreover, even with knowledge of his other debts, Mr. Cruz Tellez assured the court he would be able to pay the LFOs associated with his judgment and sentence. He simply does not show that an objection raised by defense counsel likely would have changed the trial court's decision to impose the discretionary fees. Consequently, his claim of ineffective assistance of counsel fails.

Based on the foregoing, we affirm the trial court. In addition, RCW 10.73.160(1) vests the appellate court with discretion to deny or approve a request for an award of costs. Under RAP 14.2, that discretion may be exercised in a decision terminating

No. 33552-6-III
*State v. Tellez*

review. Adopting *State v. Sinclair*, 192 Wn. App. 380, 367 P.3d 612 (2016), we exercise

our discretion to not award costs to the State. Appellate costs will not be awarded. The

pending cost bill is stricken.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Pennell, J.

I CONCUR:

Fearing, C.J.

6

No. 33552-6-III

SIDDOWAY, J. (dissenting in part) — After the filing of the original opinion in this matter, Magdaleno Cruz Tellez filed a motion for reconsideration in which, for the first time, he asked this court to exercise its discretion under RAP 14.2 to deny the State an award of costs as the prevailing party on appeal.

A motion for reconsideration under RAP 12.4(c) is required to state with particularity the points of law or fact which the moving party contends the court has overlooked or misapprehended. This court could not possibly have overlooked or misapprehended any point of law or fact bearing on the State's right to request an award of costs, because our discretion to deny costs was never mentioned or suggested by anything in Mr. Cruz Tellez's briefing.

In *Nostrand v. Little*, 58 Wn.2d 111, 120, 361 P.2d 551 (1961), our Supreme Court stated, "This court has for many years adhered to its rule that it will not consider questions presented to it for the first time in a petition for rehearing." The issue presented for the first time following the court's decision terminating review in *Nostrand* was whether the state Subversive Activities Act, chapter 9.81 RCW, requiring that public employees take a noncommunist oath, violated due process because it made no provision for a hearing at which a public employee could explain or defend his or her refusal to sign the oath. Our high court entertained the issue only "as a matter of comity," because the United States Supreme Court had asked that it do so. *Id.*

*Nostrand* cited *State v. Hazzard*, 76 Wash. 586, 137 P. 143 (1913) and cases cited therein for this longstanding rule. 58 Wn.2d at 120. Among the cases cited by *Hazzard* is *State ex rel. Milwaukee Terminal R. Co. v. Superior Court*, 54 Wash. 365, 377, 104 Pac. 175 (1909), in which the court held, "We cannot sanction the practice of permitting new questions to be raised in a petition for rehearing." *Holohan v. Melville*, 41 Wn.2d 380, 408, 255 P.2d 899 (1953) likewise denied a petition for rehearing where an overlooked issue of an agreement's invalidity under the statute of frauds "was not theretofore raised and therefore could not be considered or determined on this appeal."

The law was well settled at the time Mr. Cruz Tellez filed his brief that this court enjoys the latitude to deny an award of costs to the State in its decision. *State v. Nolan*, 141 Wn.2d 620, 627, 8 P.3d 300 (2000). The issue could have been raised in his briefing of the appeal but was not.

The public is entitled to consistency in our application of court rules. If the tenured University of Washington professors risking discharge in *Nostrand* did not present reason enough for a departure from the rule forbidding new issues from being presented in a request for rehearing, Mr. Cruz Tellez certainly does not. I dissent from this random departure from RAP 12.4.

Siddoway, J.