[No. 25309. *En Banc.* July 20, 1935.]

JOHN C. GOENEN, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1]Reported in 47 P. (2d) 991.

470

*The Attorney General* and *Browder Brown, Assistant (V. D. Bradeson,* of counsel), for appellant.

*Brown & Millhouse* and *John P. McGlinn,* for respondent.

TOLMAN, J.—The respondent, while employed in extrahazardous work, suffered an injury on March 8, 1930, and from that injury a hernia developed. In due course, the department authorized operative treatment, which was given. Respondent having recovered, his claim was closed as of September 13, 1930, with a payment for time loss. Thereafter, respondent, who had been blind in his left eye from infancy and the sight of whose right eye was something less than normal, complained to the department of an aggravation and was denied relief. Eventually and in December, 1930, respondent appealed to the joint board and then stated his claim of aggravation in the following language:

"That as the direct result of said operation claimant forthwith developed a post operative neurosis, which has seriously affected his nervous system and has produced a constant headache and has rendered him incapable of performing gainful occupation and claimant is now, and upon October 17th, 1930, from said cause, temporarily totally disabled.

"That in addition said neurosis has caused or has aggravated a cataract upon claimant's right eye, which should be operated, and the cataract removed, and which in itself has so reduced the sight of claimant's right eye, that he is unable to perform labor or gainful occupation of any kind."

The joint board accepted and acted upon the claim there stated.

A rehearing was had before the joint board, testimony was taken, the matter was continued from time to time, and finally, on June 15, 1931, the joint board entered its order in effect denying the claim for aggravation and sustaining the previous order of the supervisor closing the claim. No appeal was ever taken from this order.

Thereafter, there appears to have been some informal correspondence between the claimant and the department, between the claimant's attorney and the department, and also it incidentally appears that the claimant wrote to the then governor of the state on August 18, 1932, and again to the present governor on May 1, 1933. This correspondence appears in the transcript, but not in the statement of facts, and to these various communications the department replied, in effect, that the claim had been finally closed on June 15, 1931, that no appeal had been taken within the time allowed by law, and that the department was powerless to take further action in the premises.

Thereafter, on August 2, 1933, and within three years after the claim was originally closed, respondent made formal application to the department for a reopening of his claim upon the ground of aggravation, therein stating that, on or about July 1, 1932, he submitted to an operation for the removal of the cataract, and then only it became apparent that the progressive impairment and ultimate loss of sight in the right eye was due not at all or not in any great measure to the cata-

ract, but that it was caused by a detached retina, and that the detached retina resulted from the hernia or from the operation, or both, and that its existence could not have been determined until after the removal of the cataract.

The department refused to entertain this application on the ground that its previous rulings, unappealed from, were *res judicata,* and that the claim was barred. From this ruling, the claimant made timely application for rehearing before the joint board, and on September 11, 1933, the joint board sustained the ruling of the department upon the ground that the claim was barred by the statute of limitations. From this order of the joint board, a timely appeal was taken to the superior court, where a trial was had, resulting in a judgment entered on May 19, 1934, setting aside the rulings last above referred to and directing the department to grant to the claimant a hearing upon his claim that the detached retina, which was discovered on or about the first day of July, 1932, was caused by the hernia or the operation and, if so, whether the detached retina caused the loss of sight. From this judgment the department has appealed.

■ At the outset, we are met with a motion to dismiss the appeal, based upon the delay of the appellant in serving and filing its brief in this court. This requires no extended consideration. We have frequently held that the matter of serving and filing a brief is not jurisdictional. The record shows reasonable excuse for the delay and respondent has suffered no prejudice thereby. The motion to dismiss the appeal is denied.

■ The department strenuously urges that, upon technical grounds deducible from the record, which we have recited, the claim should be held to be barred by the statute of limitations. Even if we can consider the correspondence shown in the transcript and not made

a part of the statement of facts, which is doubtful at best, still we think it would be too harsh a rule to hold that mere informal correspondence with the department and letters written to the chief executive are sufficient to constitute, in law, an application for rehearing upon the ground of aggravation and thus give the answers thereto written by the department the status of judicial adjudication. This should be the rule especially where, as here, there is nothing to indicate that this correspondence was called to the attention of the trial court or that the statute of limitations was there presented as a defense.

Coming to the merits, it appears that, in the first application involving an aggravation, nothing was complained of save the cataract, and the proof showing beyond doubt that the cataract could not have resulted from the injury or the operation, the claimant properly acquiesced in that adjudication. Thereafter, upon removal of the cataract and the alleged discovery of the detached retina, a new situation developed which before had been entirely unknown to the claimant and to the department, and upon which no hearing had ever been had.

It seems that the trial court properly distinguished between cause and effect. Had the first application for rehearing on the ground for aggravation been based upon loss of sight, all possible causes therefor would have been put in issue and claimant would have been concluded by the judgment. But, as we have seen, the first claim for aggravation was based wholly upon the cataract, and that was the only subject investigated and adjudicated. Loss of sight or blindness, or the aggravation thereof, has not yet been presented as ground for reopening. To restate: The first application was based upon the cataract, and it was adjudicated that the cataract was not a result of the injury. The ground

of the present application is the detached retina, and that ground has never been considered by the department, either as to its existence or, if existing, whether or no it was caused by the injury.

The department necessarily deals with a class of people who are unlearned in the law and medical science. It should not, therefore, adopt a too technical rule; and even at the expense of some additional time and trouble, it should ordinarily accord a hearing on the merits of each claim presented, so far as it may do so within the limits fixed by the statute.

We find no basis in the record for the claim made by the department that the order of the board of June 15, 1931, was *res judicata* upon the question of the claimant's blindness or loss of sight without reference to the cause thereof. Cause must precede the effect. The cause constitutes the aggravation and the result is the final effect of the cause.

We conclude that the judgment of the trial court directing a hearing was right, and it is therefore affirmed.

MILLARD, C. J., HOLCOMB, MAIN, MITCHELL, BEALS, BLAKE, and GERAGHTY, JJ., concur.

STEINERT, J. (dissenting)—What the joint board decided in its order of June 15, 1931, was that respondent's alleged loss of, or reduction in, sight was not due to the injury causing the hernia, nor to the subsequent operation for hernia. No appeal was taken from that order, and none can now be predicated thereon. This proceeding seeks to secure the benefit of an appeal that was once available but is now barred by the statute.

The effect of the majority opinion in this case is simply to permit claimants to retry their claims upon successive theories concerning the nature of the disease affecting a particular organ. There are many diseases of the eye that affect the sight. Among those suggested are cataract, detached retina, pigmentous

retinitis, glaucoma, monopthalmica, opthalmocarcinoma, and conjunctivitis. But the nature of the particular disease causing the effect complained of is immaterial. The board decided that, whatever the immediate cause of the blindness was, it was not referable to the hernia. From that order, respondent should have appealed. Having failed to do so, his claim for affected eyesight is now barred. *Strmich v. Department of Labor and Industries, ante* p. 466, 47 P. (2d) 990.

This case, like many arising under the workmen's compensation act, is a pathetic one. But the board gave it a careful and conscientious consideration. The statute is controlling and admits of no exception. I am, therefore, compelled to dissent.

