[No. 25938. *En Banc.* June 23, 1936.]

RAY CRABB, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*John Geisness,* for appellant.

*The Attorney General* and *J. A. Kavaney, Assistant,* for respondent.

*Harry Ellsworth Foster, amicus curiae.*

TOLMAN, J.—This proceeding came to the superior court by an appeal from an order of the joint board of the department of labor and industries. When it was reached for trial to the court sitting without a jury, the department moved for a dismissal of the appeal.

[1]Reported in 58 P. (2d) 1025.

Before a ruling on that motion, a certified departmental record was introduced in evidence, or at least considered by the court with the consent of both parties. After consideration of the facts and of the briefs submitted, the trial court made findings from which we quote:

"That on December 19, 1932, appellant, while engaged in extrahazardous work within the state of Washington, accidentally fell and thereby sustained injury; that on December 20, 1932, a report of said accident was made by the appellant, his doctor and his employer upon the form provided by the Department of Labor and Industries and in said report both the appellant, and his doctor described the injuries of the appellant as consisting of a sprain of the right ankle and made no mention in said report of any other condition.

"That the Department recognized the appellant's claim on account of said injury and allowed certain compensation, and thereafter on March 15, 1933, closed said claim with a time loss payment in the sum of $48 and no award for permanent partial disability.

"That no appeal was taken from said order of closing and that no further or other claim or report concerning said accident was filed within one year after the accident occurred.

"That on July 18, 1934, the appellant filed with the Department of Labor and Industries a petition to reopen said claim and alleged in said petition, in substance, that at the time that he sustained the injury to his right ankle described in Paragraph I of these findings his neck struck some object and he was knocked unconscious and he complained of his neck to his attending physician and others, but it did not cause him immediate disability; the appellant also alleged in said petition that said neck condition had not been mentioned in said report of December 20, 1932, for the reason that no immediate disability resulted and appellant was not incapacitated from performing his usual work by said neck condition until more than a year after the accident; the appellant further alleged in

said petition that after the claim was closed the condition of his neck resulting from said injury became aggravated and he alleged that at the time of filing the petition he was totally disabled due to the said condition of his neck, of which said accident was the proximate and only cause; said petition to reopen his claim was denied by the Department of Labor and Industries by J. E. Sullivan, claim agent, on July 20, 1934, upon the ground that the claim was barred by the statute of limitations and on August 13, 1934, the appellant filed an application for rehearing before the joint board of the Department of Labor and Industries in which the appellant realleged the facts set up in said petition to reopen his claim and alleged that a report of said accident of December 19, 1932, was filed promptly and within one year after the accident occurred; that on August 27, 1934, the joint board of the Department of Labor and Industries acted upon said application for rehearing and made the following order:

" 'The above claim coming before the joint board in executive session this date following application for rehearing it is ORDERED that application be denied, the statute of limitations having operated against the claim.'

"That thereafter and within the time allowed by law the appellant appealed to this court from the said order of the joint board of the Department of Labor and Industries, and this court has jurisdiction to review said order.

"That no report of accident or claim was filed within one year after the date that said accident occurred in which mention was made of the appellant's neck or a condition thereof; that the only report of accident or claim filed by the appellant within one year after said accident occurred, consisted of said report and claim dated December 20, 1932, in which the appellant's injuries were described only as severe sprain of right ankle."

From the facts so found, the court concluded that the appellant's present claim was barred because not filed within one year from the date of the injury. A

judgment dismissing the appeal from the order of the joint board followed, and from that judgment this appeal was taken.

The question now presented has never been before this court and is not without its difficulties.

By Rem. Rev. Stat., § 7686 [P. C. § 3480], it is made the duty of an injured workman, with the assistance of the physician who attends him, to file an application for compensation. The section as a whole (together with § 7689 [P. C. § 3482], and the other provisions of the act) indicates that the application and the physician's report shall reveal all known facts bearing upon the injury and the right to compensation.

Rem. Rev. Stat., § 7686 [P. C. § 3480] (d) reads:

"No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued."

Therefore, the present question is whether the report of a fall resulting in a sprained ankle is such a compliance with the statute as to permit another and an additional application for compensation, after the lapse of one year from the date of the injury, for other injuries growing out of the same accident, the disabling effect of which was unknown to the claimant within one year.

It is clear from the facts found that, at the time of the accident and at the time of making the original application for compensation, the appellant knew that his neck had received a blow, for he had complained of it to his attending physician; but, by plain inference at least, neither he nor the physician considered it of such importance as to require mention to be made of it to the department. In other words, the only fact now known to the appellant which was not known to him on the day of the accident or at the time of making the

original application is that disability followed from the blow on the neck (if that can be proved), and that such disability developed more than one year after the accident.

The only statutory exception to the one year limitation is found in Rem. Rev. Stat., § 7679 [P. C. § 3472] (h), which reads:

"If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the director of labor and industries, through and by means of the division of industrial insurance, may, upon the application of the beneficiary, made within three years after the establishment or termination of such compensation, or upon his own motion, readjust for further application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment: . . ."

*Amicus curiae* cites cases from other courts thought to bear on this question. *United States Fidelity & Casualty Co. v. Harrison,* 125 Okla. 90, 256 Pac. 752, is not in point. There, the claim finally allowed was submitted in the first application.

*Skelly Oil Co. v. Standley,* 148 Okla. 77, 297 Pac. 235, is directly in point. The Oklahoma court said:

"It is insisted that disability resulting from the injury to the arm was not claimed or made a part of the agreed statement of facts, and, therefore, the commission is without jurisdiction to act in review of the aggravated condition as contemplated by section 7296, *supra.* This is tantamount to saying that the full effect of the accident must be known by the claimant and reported by him within the statutory period, and, if not, compensation cannot be allowed. Such a holding would be contrary to the spirit of the act as well as the liberal interpretation policy adopted. Moreover, section 7296 provides for a review of an award 'on the ground of a change in conditions.' A liberal interpretation impels

us to hold that the change in condition, when proven, permits a continuing jurisdiction to end, diminish, or increase compensation previously awarded, even though the change in condition manifests itself in injuries not expressly enumerated in the original award, but yet attributable to the original accident.''

*Plowman v. State Industrial Accident Commission,* 144 Ore. 138, 23 P. (2d) 910, is not helpful. The second application for injuries, not mentioned in the first application, was there made within one year and before any statutory limitation applied.

*Spence v. State Compensation Commissioner,* 110 W. Va. 162, 157 S. E. 164, involves injuries which were reported as ''contusion of head, left shoulder, elbow and back.'' Compensation was allowed for these injuries and the claim was closed. Seven months later a claim was made for other injuries resulting from the same accident. Based upon this state of facts, the court said:

''In a case such as at bar where there was an injury existing from the date of an accident, not discovered by the physicians or considered by the commissioner in fixing the original award, there is presented a matter going to the basis of claimant's right within the meaning of section 43, chapter 71, Acts 1929, just as much as though it were a further disability arising from the injury subsequent to the date of the original determination of the matter by the commissioner.''

Nothing is disclosed in the reported case to indicate what, if any, limit for the presentation of claims is provided by the West Virginia statute. Unless that state has a very short limitation, this case is not directly in point.

Upon the other hand we find the case of *Ehrhart v. Industrial Accident Commission,* 172 Cal. 621, 158 Pac. 193, Ann. Cas. 1917 E, 465, holding to a contrary rule. It there appears that the injured workman, on March

24, 1914, was injured by the fall of a heavy timber. A bone of a leg was fractured, and he also received a blow on the chest, and eleven days after the accident pneumonia developed. In his claim for compensation, no mention was made of the blow on the chest or of the pneumonia. An award was made solely for the fractured leg. On February 10, 1915, more than ten months after the accident, the workman made claim for disability arising out of the blow on the chest and the pneumonia. The commission made an allowance for a diseased lung as the result of either the blow on the chest or the pneumonia, or both. The California statute contains a six months limitation. After discussing various features of the California act, including a provision giving the commission continuing jurisdiction over all of its orders, decrees and awards, the supreme court of California said:

"It was not, we believe, the intention of the lawmakers to open the statute of limitations and to extend it beyond the period of six months for the purpose of enabling a claimant to present an entirely new case based upon the alleged results of an injury which had never before been called to the attention of the commissioners. To hold otherwise would be to make the statute an instrument for the encouragement of false claims or those based upon remote and unsatisfactory speculation and peradventure regarding the cause of a disability manifesting itself long after the happening of the accident. One of the purposes of the time limit imposed by the various subdivisions of section 16 was to cause an early submission to the commissioners of the injuries to the employee, so that the commissioners by their own observation and with the aid of expert testimony might determine, not only the condition of the applicant at that time, but the probable future results of the accident. This policy is manifest from the fact that where no disability has occurred at the time of the hearing, but is likely to do so in the future,

the commission may retain jurisdiction. (Section 25 (c).) In other words, prompt inquiry regarding the *injuries* in all their details by the commission was evidently intended by the lawmakers." [One judge dissented.]

The appellant seems to urge that our own case of *Goenen v. Department of Labor & Industries,* 182 Wash. 469, 47 P. (2d) 991, is authority in his favor, but with that we cannot agree. The *Goenen* case falls under Rem. Rev. Stat., § 7679 [P. C. § 3472] (h), relating to the aggravation of an injury for which a claim had theretofore been properly made.

Here, as we have seen, the only injury for which a claim was made in the original application was that of a sprained ankle, and it cannot be successfully argued that any aggravation of the injury to the ankle could have affected the appellant's neck.

We are left to choose between the rule adopted in Oklahoma and that followed in California. Having in mind the well known spirit and purpose of our industrial insurance act, we feel impelled to adopt the liberal view announced by the supreme court of Oklahoma.

It follows that the department should have entertained the claim. Therefore, the judgment of the trial court is reversed, with directions to remand the cause to the department for further proceedings.

MILLARD, C. J., BEALS, GERAGHTY, and HOLCOMB, JJ., concur.

STEINERT, J. (dissenting)—I am unable to agree with the majority and, therefore, dissent.

The facts of the case are not in dispute. They are set out in the findings of the trial court, quoted at length in the majority opinion. The question to be decided here arises upon that finding which reads as follows:

"That no report of accident or claim was filed within one year after the date that said accident occurred in which mention was made of the appellant's neck or a condition thereof; that the only report of accident or claim filed by the appellant within one year after said accident occurred, consisted of said report and claim dated December 20, 1932, in which the appellant's injuries were described only as severe sprain of right ankle."

The majority opinion frankly concedes, and states, that it could not be successfully argued that any aggravation of the injury to the ankle could have affected appellant's neck. In other words, there was no connection whatever between the two injuries; they were entirely distinct.

However, despite this fact, the majority conclude that, under a liberal interpretation of the workmen's compensation act, the claim should nevertheless be entertained.

Rem. Rev. Stat., § 7686 [P. C. § 3480](d), which has reference to application for compensation, provides as follows:

"No application shall be valid or *claim thereunder enforceable* unless filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued." (Italics mine.)

That provision has been specifically interpreted by this court to mean that the time within which the claim must be filed begins to run from the date of the accident or injury and not from the time when the physical condition manifests itself. *Ferguson v. Department of Labor & Industries*, 168 Wash. 677, 13 P. (2d) 39; *Sandahl v. Department of Labor & Industries*, 170 Wash. 380, 16 P. (2d) 623.

Now, if a liberal interpretation of the statute permits the entertainment of a claim of the kind here,

why would not such interpretation likewise permit the filing of an original claim after the period of a year, provided that the claimant did not sooner know of the disabling effect of the accident? If a man sustains an injury and its disabling effect does not in any way manifest itself for over a year, is he any less worthy of compensation when the effect of his injury does become apparent than the man whose injury discloses only a part of its disabling effect during the same period of one year? In the eyes of the law, is the one any less entitled than the other to a liberal construction of the statute? Must the one lose all by a strict construction, while the other gains all by a liberal construction?

The answer, of course, in both instances, is that the statute necessarily must, and does, fix a time for the presentation of claims for *injuries*. That time is one year after the day on which the injury occurred. If, within that time, no injury is apparent or can be shown, then an essential element of a claim is lacking, and there is nothing for which recovery can be sought. To support a claim, there must be an assertable injury. Hence, if the disabling effect of the injury does not manifest itself, in whole or in part, during the statutory period, then, to the same extent, the claim does not come within the purview and protection of the statute.

Good reason exists for such rule. The purpose of filing a claim is not a perfunctory one or merely to advise the department that an *accident* has occurred, but rather, and more particularly, to acquaint the department with the nature of the claim, the seriousness and probable effect of the injuries sustained, and their relation to the amount of aid to be given and compensation to be allowed; and, further, to enable the department to make a full, fair, and speedy in-

vestigation concerning those matters which must necessarily be considered in making a proper determination of the case. But, if information concerning the injuries, in whole or in part, be withheld, whether innocently or otherwise, the department is to the same extent deprived of the opportunity of investigating the matter at a time when investigation is necessary or of any practical value. Our workmen's compensation act is exceedingly liberal in the matter of time allowed for presenting claims. It is much longer than in many, or most, of the other states. To extend it by judicial interpretation, will subordinate an intelligent inquiry concerning the nature and extent of an injury to mere speculation, or worse.

As I view it, the effect of the majority opinion has most serious consequences. Claims filed and regularly closed may be opened five, ten, or fifteen years hence to admit of proof of disabling effects previously unknown. I do not believe that the statute contemplated any such thing, but, rather, intended to require that injuries for which compensation is sought shall be reported within one year from the date of the accident.

The case at bar has no mitigating circumstances. The appellant knew at the time of the accident that his neck had been struck, and he then complained of it to his physician and to others. The fact that it caused no immediate disability did not relieve him of his duty to report it, if any claim thereon is now to be made.

It must be remembered that the department functions not merely for a single, individual claimant, but for all individuals engaged in industries involving extrahazardous employment in this state. It is, therefore, the duty of the department, in passing upon the

claim of a particular individual, to see that the fund to which all injured claimants must look for protection is not diverted to spurious, exaggerated, or uncertain claims. Under the majority opinion, every closed claim will continue to be a potentially active one, subject to reopening at any time. The result will be that the administration of the workmen's compensation act will be seriously hampered, not only by the accumulation of unexpected claims, but also in the matter of adjustment of rates.

The case of *Ehrhart v. Industrial Accident Commission,* 172 Cal. 621, 158 Pac. 193, Ann. Cas. 1917E, 465, which the majority opinion herein cites but declines to follow, expresses what I think is the correct view with reference to the statute of limitations:

"It was not, we believe, the intention of the lawmakers to open the statute of limitations and to extend it beyond the period of six months for the purpose of enabling a claimant to present an entirely new case based upon the alleged results of an injury which had never before been called to the attention of the commissioners. To hold otherwise would be to make the statute an instrument for the encouragement of false claims or those based upon remote and unsatisfactory speculation and peradventure regarding the cause of a disability manifesting itself long after the happening of the accident. One of the purposes of the time limit imposed by the various subdivisions of section 16 was to cause an early submission to the commissioners of the injuries to the employee, so that the commissioners by their own observation and with the aid of expert testimony might determine not only the condition of the applicant at that time, but the probable future results of the accident. This policy is manifest from the fact that where no disability has occurred at the time of the hearing, but is likely to do so in the future, the commission may retain jurisdiction. (Section 25 (c).) In other words, prompt inquiry regarding the *injuries* in all their details by

the commission was evidently intended by the law-makers.''

It is true, as the majority opinion herein states, that one judge dissented in the California case. The same is true, however, with reference to the Oklahoma case on which the majority rely.

In conclusion, I may say, as the majority have said, that this is not a case of aggravation of injury to the ankle. If it were, it would be referable to Rem. Rev. Stat., § 7679 [P. C. § 3472] (h). But with that, we are not here concerned. The two injuries are as much dissociated in their effect upon each other as though they had been sustained by one person on two entirely different occasions, or as though separately sustained by two different persons.

I think that the judgment of the trial court should be affirmed.

MAIN, MITCHELL, and BLAKE, JJ., concur with STEINERT, J.