[No. 16744-1-II.   Division Two.   July 11, 1995.]

GERALD M. GRIMES, *Respondent*, v. LAKESIDE INDUSTRIES, *Appellant*.

*Kathleen A. Anamosa*, of *David Wright Tremaine*, for appellant.

*Kathryn Carman Comfort* and *Richard E. Weiss, of Small Snell Weiss & Comfort,* P.S., for respondent.

FLEISHER, J. — The Board of Industrial Insurance Appeals (the Board) denied Gerald Grimes's request to reopen his 1986 industrial injury claim. The Grays Harbor Superior Court reversed the Board's order. Lakeside Industries (Lakeside) appeals, arguing that the court's findings regarding both causation and aggravation of the injury are not supported by substantial evidence. We affirm.

## FACTS

Gerald Grimes is a 53-year-old man who has worked as a truck driver most of his life. His employer, Lakeside, is self-insured under the Washington Industrial Insurance Act (RCW Title 51). In November 1981, Grimes injured his back in a work-related accident. His industrial insurance claim was closed in 1983, and he did not appeal. Between 1984 and 1986, Grimes occasionally saw a chiropractor for pain between his shoulder blades.

In September 1986, Grimes was injured again when he fell off the side of a truck, a distance of about five feet, and landed on his hip. Although the immediate injury was to his middle and lower back, he soon developed pain between his shoulder blades, in his shoulder, and radiating down his right arm to his fingers. In 1988, Grimes filed an

industrial insurance claim for the 1986 injury to his back, left hip and knee. He was awarded permanent partial disability for 10 percent amputation value of the right knee above the knee joint, and his claim was closed. Grimes did not appeal that decision.

Between October 1986 and March 1987, Grimes saw a chiropractor, Dr. Loertscher, for his shoulder and arm pain. Following the 1986 accident, Grimes also saw at least two other doctors for hip pain. In April 1990, Grimes's family doctor, Dr. Bryant, diagnosed a spinal disorder, cervical radiculopathy. Grimes then applied to the Department of Labor and Industries (the Department) to reopen his claim for aggravation of the 1986 injury.

On June 14, 1990, the Department denied the application, and Grimes did not appeal. The Department's order did not segregate the cervical condition as unrelated to the injury, nor does the record indicate that the Department even considered whether Grimes suffered a cervical condition as a result of the 1986 injury.

Beginning on April 27, 1990, Grimes saw a neurologist, Dr. Connolly, for arm, shoulder, and back problems that Grimes said stemmed from his 1981 injury. He did not tell Dr. Connolly about his 1986 injury at that time. In May 1990, Dr. Connolly conducted an MRI scan of Grimes's neck, a thin section CT scan, and an EMG nerve conduction study of his left arm. These tests revealed abnormalities in the cervical area of the spine.

In September 1990, Grimes applied to reopen the claim on his 1981 injury. The Department denied the request in February 1991. Grimes did not appeal the decision. At that time, Dr. Connolly was still unaware of the 1986 injury.

Following the denial, Grimes told Dr. Connolly about the 1986 injury and filed a second application to reopen his 1986 claim. On May 10, 1991, the Department denied Grimes's second application to reopen his 1986 claim, and Grimes appealed. The Board held a hearing in January 1992 and affirmed the Department's refusal to reopen the

claim. Grimes appealed to the Grays Harbor County Superior Court, which reversed the Board's decision. Lakeside appealed to this court.

## DISCUSSION

Lakeside contends that Grimes's industrial insurance claim should not be reopened due to aggravation of his injury. It argues that the trial court erred in holding that Grimes's cervical condition was *causally* related to his September 1986 industrial injury and in holding that Grimes's condition had *become aggravated* or worsened between June 14, 1990, and May 10, 1991.

Under the Washington Industrial Insurance Act, a worker may apply to the Department of Labor and Industries to reopen an earlier workers' compensation claim due to aggravation of an industrial injury. A worker must file an application to reopen a claim within seven years of the date the first order closing the claim becomes final. RCW 51.32.160.

■ ■ The first step in seeking review of the Department's decision is an appeal to the Board. RCW 51.52.060. Decisions of the Board may be appealed to superior court. RCW 51.52.110. In an appeal of the Board's decision, the superior court holds a *de novo* hearing but does not hear any evidence or testimony other than that included in the record filed by the Board. *Du Pont v. Department of Labor & Indus.*, 46 Wn. App. 471, 476, 730 P.2d 1345 (1986). The findings and decision of the Board are prima facie correct until the superior court, by a preponderance of the evidence, finds them incorrect. *Department of Labor & Indus. v. Moser*, 35 Wn. App. 204, 208, 665 P.2d 926 (1983).

■ ■ In reviewing the superior court's decision, the role of the court of appeals "is to determine whether the trial court's findings, to which error is assigned, are supported by substantial evidence and whether the conclusions of law flow therefrom". *Du Pont,* 46 Wn. App. at 476-77. Substantial evidence is evidence of sufficient quantity to persuade a fair-minded, rational person of the truth of

the declared premise. *Bering v. Share*, 106 Wn.2d 212, 220, 721 P.2d 918 (1986), *cert. dismissed*, 479 U.S. 1050 (1987).

▮ To prevail on an aggravation claim, a claimant must prove through medical evidence that (1) the industrial injury *caused* the aggravation, and (2) his condition *became aggravated* during the time between the first and second terminal dates. *Phillips v. Department of Labor & Indus.*, 49 Wn.2d 195, 197, 298 P.2d 1117 (1956). The second terminal date is the date of the most recent closure or denial of an application to reopen a claim for aggravation (May 10, 1991 in this case); the first terminal date is the date of the last previous closure or denial of such an application (June 14, 1990 in this case). *Karniss v. Department of Labor & Indus.*, 39 Wn.2d 898, 901-02, 239 P.2d 555 (1952).

## A

### Causation

▮ For a claimant to prove causation, the testimony of medical experts "must establish that it is more probable than not that the industrial injury caused the subsequent disability". *Zipp v. Seattle Sch. Dist. No. 1*, 36 Wn. App. 598, 601, 676 P.2d 538, *review denied*, 101 Wn.2d 1023 (1984). The industrial injury need not be the sole proximate cause of disability. *Wendt v. Department of Labor & Indus.*, 18 Wn. App. 674, 684, 571 P.2d 229 (1977). Opinions expressed in terms of possibility rather than probability are not sufficient to establish causation. The testimony of the attending physician is entitled to special consideration. *Zipp*, at 604.

The record in this case contains uncontroverted testimony of two physicians that Grimes's 1986 accident was a proximate cause of his cervical injuries. Dr. Loertscher, the chiropractor, testified that, more probably than not, Grimes's current neck problems were causally related to his 1986 industrial injury. Dr. Connolly, the neurologist, testified that in his opinion this injury created Grimes's

cervical problems. Dr. Bryant, Grimes's family physician, stated only that Grimes "could have got a cervical strain" from his fall in September 1986, but he did not controvert the other doctors' statements.

The testimony of Drs. Loertscher and Connolly is sufficient to establish causation. Dr. Loertscher's testimony was framed in terms of the "more-probable-than-not" standard, and no testimony contradicted his or Dr. Connolly's assessment. Thus, the trial court did not err in finding that Grimes's cervical condition was causally related to the 1986 injury.

## B

### Aggravation

For a claimant to prove aggravation, "[m]edical evidence — based at least in part on objective symptoms — must show that an aggravation of the industrial injury resulted in increased disability." *Lewis v. ITT Continental Baking Co.*, 93 Wn.2d 1, 3, 603 P.2d 1262 (1979); *see also White v. Department of Labor & Indus.*, 48 Wn.2d 413, 415, 293 P.2d 764 (1956). The claimant must establish that the injury became aggravated between the first and second terminal dates. *White*, at 415; *Brown v. Board of Indus. Ins. Appeals*, 11 Wn. App. 790, 794, 525 P.2d 274 (1974). It is not necessary, however, for a physician to say expressly that there is "aggravation". *Lewis*, 93 Wn.2d at 5. Evidence of aggravation has been held sufficient where the treating physician testified that, in his opinion, the claimant's condition had worsened between the two terminal dates. *Lewis*, 93 Wn.2d at 3, 5; *White*, 48 Wn.2d at 415-16.

Thus, Grimes must show, in part through objective medical findings, that his condition became aggravated between the two terminal dates, that is, between June 14, 1990, and May 10, 1991. Dr. Connolly saw Grimes from April 1990 until February 1991. Dr. Connolly testified that:

When I saw him in February of 1991 he was clearly in need of further treatment. And he clearly had a problem which was going to give him a permanent partial impairment. So those problems were not present in June of 1990. They certainly were present by February of 1991. So my opinion would be that in February of 1991 he had a neurologic condition which required further treatment and which would result in a permanent partial impairment.[1]

Dr. Connolly's testimony supports the trial court's finding that Grimes's injury had become aggravated between the two terminal dates. However, Lakeside argues that Grimes's claim must fail because he did not appeal the order issued on the first terminal date; thus, under *Karniss* and its progeny, that order became *res judicata* as to the extent of aggravation existing up to that date. Lakeside argues that because the only objective findings of Grimes's cervical condition were made in May 1990, before the first terminal date, his claim of aggravation must fail.

■■■ An unappealed order determining disability "is *res judicata* as to any issue before the department at the time it was entered, but is not res judicata as to any aggravation occurring subsequent to that date". (Emphasis added.) *Karniss*, 39 Wn.2d at 900-01. *See also Collins v. Department of Labor & Indus.*, 42 Wn.2d 903, 905, 259 P.2d 643 (1953); *King v. Department of Labor & Indus.*, 12 Wn. App. 1, 5, 528 P.2d 271 (1974). Furthermore, *res judicata* does not bar consideration in an administrative context, where there is a substantial change in the claim. *Hilltop Terrace Homeowner's Ass'n v. Island County*, 126 Wn.2d 22, 33, 891 P.2d 29 (1994).

Lakeside's reliance on *Karniss* is misplaced because the Department did not consider Grimes's cervical condition in its order issued on the first terminal date. The trial court found that the Department's June 14, 1990 order referred only to the accepted conditions at that time and did not segregate the cervical condition, or address the

---

[1]Administrative Bd. R., Deposition of Dr. Connolly (Jan. 9, 1992) at 25.

cervical condition in any way.[2] Lakeside does not challenge this finding of fact; thus, it is a verity on appeal. *Tapper v. Employment Sec. Dep't*, 122 Wn.2d 397, 407, 858 P.2d 494 (1993). Because Grimes's cervical condition was not before the Board when it issued its 1990 order, that order is not *res judicata* as to his cervical condition. See *Goenen v. Department of Labor & Indus.*, 182 Wash. 469, 473-74, 47 P.2d 991 (1935).

In *Goenen*, the claimant developed a hernia as a result of a work injury. In his first application to reopen the claim for aggravation, he stated that a cataract had developed due to the hernia operation. The Department denied the application, and the claimant did not appeal. A year later, the claimant had cataract surgery, during which it was discovered that his vision problems were actually caused by a detached retina. He therefore reapplied to reopen his claim, and the Department denied his application on the ground that its previous unappealed rulings were *res judicata*. The trial court reversed, and the Supreme Court affirmed. The court stated:

> The first application was based upon the cataract, and it was adjudicated that the cataract was not a result of the injury. The ground of the present application is the detached retina, and that ground has never been considered by the department, either as to its existence or, if existing, whether or no [sic] it was caused by the injury.

*Goenen*, 182 Wash. at 473-74. *See also Hilltop*, 126 Wn.2d at 32-33.

Therefore, although the objective findings regarding Grimes's condition were obtained in May 1990, before the first terminal date, this does not bar his application to reopen the claim. Where an alleged condition was not before the Board at the last prior closure of a claim, the unappealed closure order does not operate as a terminal date regarding aggravation of that alleged condition.

As in *Goenen*, this result is not inconsistent with

---

[2] Clerk's Papers, at 26.

the line of cases holding that a claim for aggravation must be supported by objective medical evidence between the two terminal dates, and our decision in this case should not be construed as undermining that rule. The reason for fixing the first terminal date at the last previous closure or denial of an application to reopen is the *res judicata* effect of such an unappealed order. *Karniss*, 39 Wn.2d at 900-01. However, as noted above, the *res judicata* effect of an unappealed order operates only as to issues that were before the board "at the time it was entered". *Karniss*, at 901.

We note in passing that Grimes mistakenly relies on *Crabb v. Department of Labor & Indus.*, 186 Wash. 505, 58 P.2d 1025, 105 A.L.R. 964 (1936), to establish what he calls "legal aggravation". *Crabb* is not an aggravation case; it construed a separate statute which allows an injured worker one year from the date of injury during which to file a disability claim. *Crabb*, 186 Wash. at 508. In *Crabb*, a worker who injured both his ankle and his neck in the same accident did not immediately suffer disability from the neck injury, and so filed a claim only for the ankle injury. More than a year after the accident, the neck injury became disabling, and the worker filed to reopen his claim. The trial court ruled that the claim was barred by the statute of limitations, but the Supreme Court reversed, holding that newly discovered conditions caused by the same accident are not subject to the one-year limit. The *Crabb* court distinguished this issue from that in *Goenen*, at 512.

Finally, policy considerations also support the conclusion that Grimes's application to reopen should be allowed. As the *Goenen* court noted:

> The department necessarily deals with a class of people who are unlearned in the law and medical science. It should not, therefore, adopt a too technical rule, and even at the expense of some additional time and trouble it should ordinarily accord a hearing on the merits of each claim presented, so far as it may do so within the limits fixed by the statute.

*Goenen*, 182 Wash. at 474.

Moreover, workers' compensation statutes, as remedial acts, "should be construed broadly and liberally in order to effectuate their purpose" of benefiting workers. *Nelson v. Department of Labor & Indus.*, 9 Wn.2d 621, 628, 115 P.2d 1014 (1941).

Thus, we hold that the trial court did not err in finding that Grimes met both requirements for reopening his 1986 claim. The ruling of the Superior Court is affirmed.

SEINFELD, C.J., and WIGGINS, J., concur.