FILED
COURT OF APPEALS
DIVISION II

2015 JUL -7 AM 8: 43

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| EDERI HAGGENMILLER,<br><br>Appellant,<br><br>v.<br><br>DEPARTMENT OF LABOR & INDUSTRIES,<br>STATE OF WASHINGTON,<br><br>Respondent. | No. 45478-5-II<br>(Consolidated w/ No. 45645-1-II<br>and No. 45778-4-II)<br><br><br>UNPUBLISHED OPINION |

SUTTON, J. — Ederi Haggenmiller appeals the superior court's summary judgment order in favor of the Department of Labor and Industries (Department) and affirming his industrial insurance award from the Board of Industrial Insurance Appeals (Board). Haggenmiller argues that (1) he is entitled to a permanent partial disability award for hearing loss and tinnitus greater than 24.83 percent and a separate award for a related mental health condition, (2) the Board should have set his date of occupational injury, or manifestation date, as June 5, 2012, rather than October 9, 2009, (3) the Department's responses to his post-judgment motions violated RCW 4.24.525, the

anti-SLAPP[1] statute, and (4) he is entitled to an award of attorney fees, costs, and CR 11 sanctions against the Department. We hold that (1) Haggenmiller failed to establish a genuine issue of material fact that he was entitled to a permanent disability award greater than 24.83 percent or a separate award for a mental health condition, (2) res judicata bars relitigation of the October 9, 2009 manifestation date, and even if considered, the medical evidence supports October 9, 2009 as the manifestation date, (3) Haggenmiller's claims under the anti-SLAPP statute, RCW 4.24.525, are moot because the statute is unconstitutional,[2] and (4) he is not entitled to relief on his other post-judgment motions, an award of attorney fees and costs, or CR 11 sanctions. We affirm the superior court's summary judgment order in favor of the Department, the Board's final order dated March 8, 2013, and dismiss Haggenmiller's appeal.

## FACTS

### I. WORKPLACE INJURY AND PERMANENT PARTIAL DISABILITY RATING AND AWARD

Haggenmiller worked as a finishing carpenter for approximately 30 years. As part of his work, he used noisy hand power tools. In 2006 and 2007, he started using impact tools and compound power saws; during this time he started experiencing hearing problems that progressively worsened. The Department accepted his hearing loss claim as an occupational disease, provided treatment, including hearing aids, set October 9, 2009 as the manifestation date

---

[1] Lawsuits filed under RCW 4.24.525 are called Strategic Lawsuits Against Public Participation (SLAPP). *See* LAWS OF 2010, ch. 118, § 1(b).

[2] *Davis v. Cox*, ___ P.3d ___, 2015 WL 3413375, at *11 (2015).

2

of his injury,[3] and entered a final order dated October 5, 2011. RCW 51.32.180(b); WAC 296-14-350. Haggenmiller did not appeal the October 5, 2011 order. The Department then closed his claim; he requested reconsideration, but the Department affirmed the closure of his claim in its December 8, 2011 order. Haggenmiller appealed that order to the Board.

At the board hearing, Haggenmiller had the burden of proving, by a preponderance of the evidence, that the Department's order setting a permanent partial disability rating of 24.83 percent for hearing loss and tinnitus was incorrect under RCW 51.52.050(2)(a). Haggenmiller presented the testimony of himself, his spouse, and a medical expert, Dr. David Kessler, an otolaryngologist. Haggenmiller testified that "[h]earing loss is really not too much of a problem for [him] at the moment," and does not affect his social interactions because he does not "really have any problems with asking people to repeat themselves." Clerk's Papers (CP) at 178. He testified that he developed tinnitus, which he believed impacted his ability to sleep, ability to drive at the end of the day, his social interactions, memory, and caused mood alterations and depression.

Kessler testified that Haggenmiller's 2009 audiogram showed a bilateral hearing loss and that he has had hearing loss since 2009. Kessler testified that Haggenmiller's condition was a permanent partial disability because, in his opinion, it would "not . . . improve over time." CP at 209-10. Kessler opined that Haggenmiller had a 20.83 percent hearing loss, with an additional 4 percent impairment due to his tinnitus, for a total combined hearing loss of 24.83 percent. Kessler

---

[3] The schedule of benefits for a permanent partial disability award under an occupational disease claim is determined "'as of the date the disease manifests itself,'" also referred to as the date of manifestation. *Harry v. Buse Timber & Sales, Inc.*, 166 Wn.2d 1, 13, 201 P.3d 1011 (2009) (quoting *Dep't of Labor & Indus. v. Landon*, 117 Wn.2d 122, 128, 814 P.2d 626 (1991)); *see* RCW 51.32.180(b).

did not address the manifestation date of October 9, 2009 or provide an opinion that Haggenmiller had a related mental health condition.

The Department's medical expert, Dr. Gerald G. Randolph, an otolaryngologist, examined Haggenmiller in January 2011. Randolph testified that Haggenmiller's last occupational noise exposure was in October 2009. Randolph rated Haggenmiller's bilateral hearing loss at 10.31 percent, but did not provide a tinnitus rating because, at the time of the 2011 examination, the tinnitus did not significantly impact Haggenmiller's daily life. Randolph did not disagree with Kessler's audiogram results or his assessment that Haggenmiller's tinnitus had increased since 2009.

The administrative law judge who conducted the board hearing agreed with Haggenmiller that he was entitled to a permanent partial disability award of 24.83 percent, including 4 percent for his tinnitus. The judge ruled that Haggenmiller failed to present a prima facie case to show that the October 9, 2009 manifestation date was incorrect, or that his bilateral hearing loss or his tinnitus caused a mental health condition; and the judge denied Haggenmiller's requests for attorney fees and costs, noting he had no authority to grant this relief. Haggenmiller requested review by the Board. The Board accepted the judge's proposed decision and entered a final order dated March 8, 2013. Haggenmiller appealed that order to superior court but did not appeal the order setting October 9, 2009 as the date of his occupational injury.

## II. SUMMARY JUDGMENT AND POST-JUDGMENT ORDERS

The Department moved for summary judgment under CR 56 arguing that, with the additional combined permanent partial disability award of 24.83 percent, Haggenmiller could not receive any further relief based on the issues on appeal and the substantial evidence in the record. The superior court, after reviewing the pleadings and evidence, ruled that (1) a jury could not make

any other decision but to affirm the Board's March 8, 2013 order because there was no medical evidence showing that Haggenmiller was entitled to a permanent partial disability award greater than 24.83 percent, (2) there was no evidence of total bodily impairment, (3) there was no evidence from any expert that Haggenmiller had a related mental health condition, and (4) res judicata bars relitigation of October 9, 2009 as the date of his injury, and even if considered, the medical evidence supported October 9, 2009 as the date of injury. The superior court granted the Department's summary judgment motion, affirmed the Board's March 8, 2013 order, and dismissed the appeal. Haggenmiller appealed to our court.

### III. POST-JUDGMENT MOTIONS

After filing his appeal in our court, Haggenmiller filed various post-judgment motions in superior court. He filed a "Motion for Order to Show Cause" and appeared ex parte, but the superior court denied the motion. He also filed a "Motion to Vacate the Judgment/Order" for reconsideration. The Department moved to strike his motion as untimely under CR 59(b), and because under RAP 7.2(a), this court had sole authority once his appeal had been filed. The superior court denied reconsideration. Haggenmiller appealed that order to this court.

While his appeals were still pending in this court, Haggenmiller filed a "Request for Entry of Default" and a "Motion and Declaration for Entry of Default Judgment or Alternative Entry of Partial Summary Judgment," and the superior court denied this motion, explaining that the motion had no legal basis. Haggenmiller filed multiple "special motions to strike" arguing that the Department's prior responses to his motions violated RCW 4.24.525, the anti-SLAPP statute.[4] The superior court denied all of Haggenmiller's special motions to strike and awarded costs to the

---

[4] Suppl. CP at 738-55, 763-76, 813-32, 833-52.

5

Department for two telephonic hearings. Haggenmiller appealed that order, as well. We consolidated his three appeals.

ANALYSIS

Haggenmiller argues that (1) he is entitled to a permanent partial disability award of 25.94 percent, consisting of 20.94 percent for bilateral hearing loss and 5 percent for tinnitus, and an award for a related mental health condition, (2) the Department's responses to his post-judgment motions interfered with his constitutional right to free speech and the right to petition and violated RCW 4.24.525(1)(a), the anti-SLAPP statute, and (3) he is entitled to an award of attorney fees, costs, and CR 11 sanctions against the Department.

We hold that (1) Haggenmiller failed to establish a genuine issue of material fact that he was entitled to a permanent disability award greater than 24.83 percent or a separate award for a mental health condition, (2) res judicata bars relitigation of the October 9, 2009 injury date, and even if considered, the medical evidence supports October 9, 2009 as the date of his occupational injury or manifestation date, (3) Haggenmiller's claims under the anti-SLAPP statute, RCW 4.24.525, are moot because the anti-SLAPP statute is unconstitutional, and (4) he is not entitled to relief on his other post-judgment motions, or an award of attorney fees, costs, or CR 11 sanctions. We affirm the superior court's summary judgment order in favor of the Department and the Board's final order dated March 8, 2013, and we dismiss Haggenmiller's appeal.

I. STANDARD OF REVIEW

On appeal to the Board, Haggenmiller had the burden of proving, by a preponderance of evidence, that the Department's order was incorrect. RCW 51.52.050(2)(a). A claimant must provide strict proof of each element of his or her claim for disability benefits under RCW 51.52.050(2). *Jenkins v. Dep't of Labor & Indus.*, 85 Wn. App. 7, 14, 931 P.2d 907 (1996). To

6

prove a prima facie case, expert medical testimony "'must establish that it is more probable than not that [the industrial injury] caused the subsequent disability.'" *Lewis v. Simpson Timber Co.*, 145 Wn. App. 302, 319, 189 P.3d 178 (2008) (quoting *Grimes v. Lakeside Indus.*, 78 Wn. App. 554, 561, 897 P.2d 431 (1995)).

On appeal to superior court, the Board's decision is prima facie correct and the burden of proof is on the party challenging the decision. RCW 51.52.115; *Harrison Mem'l Hosp. v. Gagnon*, 110 Wn. App. 475, 483, 40 P.3d 1221 (2002). The superior court reviews the Board's decision de novo based on the same evidence as was before the Board. RCW 51.52.115; *Harrison*, 110 Wn. App. at 483. "'[T]he superior court may substitute its own findings and decision for the Board's only if it finds, from a fair preponderance of credible evidence, that the Board's findings and decision are incorrect.'" *Harrison*, 110 Wn. App. at 482 (quoting *McClelland v. ITT Rayonier, Inc.*, 65 Wn. App. 386, 390, 828 P.2d 1138 (1992)).

The ordinary civil standard of review governs appeals of proceedings under the Industrial Insurance Act, Title 51 RCW. RCW 51.52.140. As a result, we review the superior court's order, not the Board's order. *See Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 179-80, 210 P.2d 355 (2009). We review the superior court's summary judgment order de novo and engage in the same inquiry as the superior court. *Columbia Cmty. Bank v. Newman Park, LLC*, 177 Wn.2d 566, 573, 304 P.3d 472 (2013). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c); *Munich v. Skagit Emergency Commc'n Ctr.*, 175 Wn.2d 471, 877, 258 P.3d 676 (2012). A genuine issue of material fact exists if "reasonable minds could differ on the facts controlling the outcome of the litigation." *Dowler v. Clover Park Sch. Dist. No. 400*, 172 Wn.2d 471, 484, 258 P.3d 676 (2011).

7

We construe all evidence and reasonable inferences in the light most favorable to the nonmoving party. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 226, 770 P.2d 182 (1989).

The moving party in a summary judgment motion has the initial burden to show the nonexistence of a genuine issue of material fact. *Knight v. Dep't of Labor & Indus.*, 181 Wn. App. 788, 794-95, 321 P.3d 1275, *review denied*, 339 P.3d 635 (2014). Once this showing is made, the burden shifts to the nonmoving party to make a showing sufficient to establish the existence of an element essential to his case. *Cho v. City of Seattle*, 185 Wn. App. 10, 15, 341 P.3d 309 (2014), *review denied*, ___ P.3d ___ (2015). "In a claim for workers' compensation benefits, the injured worker bears the burden of proving that he is entitled to benefits." *Knight*, 181 Wn. App. at 795-96. "If this burden cannot be met as a matter of law, summary judgment for the Department is proper." *Knight*, 181 Wn. App. at 796. "A nonmoving party must set forth specific facts showing a genuine issue for trial and may not rely on speculation." *Knight*, 181 Wn. App. at 796; CR 56(e); *see Boguch v. Landover Corp.*, 153 Wn. App. 595, 610, 224 P.3d 795 (2009).

## II. PERMANENT PARTIAL DISABILITY FOR HEARING LOSS

To establish a permanent partial disability award, the Department relies on a physician to calculate hearing loss in accordance with the American Medical Association's Guides to Impairment and RCW 51.32.080(2). *Tomlinson v. Puget Sound Freight Lines, Inc.*, 166 Wn.2d 105, 111, 206 P.3d 657 (2009); WAC 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. The physician may also separately rate tinnitus accompanying hearing loss. *See Pollard v. Weyerhaeuser*, 123 Wn. App. 506, 510, 98 P.3d 545 (2004); *see also Jenkins v. Weyerhauser Co.*, 143 Wn. App. 246, 252, 177 P.3d 180 (2009). If the physician rates tinnitus, the Department will add zero to five percent to the hearing loss formula, depending on the severity of the tinnitus. *In re Harold Sells*, Nos. 95 4334 & 95 4547, 1996 WL 879376, at *2 (Wash. Bd. of Indus. Ins. Appeals December 20, 1996).

Of the ratings provided by the two physicians who presented medical evidence in support of Haggenmiller's permanent partial disability award, Haggenmiller's physician established the highest rating, testifying that the industrial injury caused 24.83 percent of Haggenmiller's total hearing loss. Haggenmiller presented no expert medical testimony that his hearing loss was greater than 24.83 percent. The Board agreed with Haggenmiller's physician and awarded Haggenmiller the highest disability award supported by the medical evidence: "a bilateral hearing loss of 20.83 percent, and an increase of bilateral hearing loss caused by tinnitus of 4 percent, resulting in a total bilateral hearing loss of 24.83 percent." CP at 50.

During the October 1, 2012 hearing, the Department and the administrative law judge questioned Haggenmiller's physician regarding the physician's hearing loss calculations. The judge initially questioned Haggenmiller's physician regarding the physician's tinnitus rating:

> [JUDGE:]   [H]ow did you rate Mr. Haggenmiller, as far as his tinnitus goes?
> [WITNESS:]  Well, he has provided me with a fair amount of written testimony about how much this tinnitus bothers him. So I would rate him in the 4 to 5 percent range.
> [JUDGE:]   Well, Doctor, you're going to get to—you have to get off the fence. You have to pick 4 or 5.
> [WITNESS:]   I would say 4.

CP at 213.

During this same hearing, the physician described the mathematical formula that he used to reach his final figure of 24.83 percent, but the hearing transcript reflects that the physician had significant difficulty correctly performing the necessary division and addition functions. He made several errors, including using imprecise, rounded numbers. *See, e.g.*, CP at 225 ("And then on the combined hearing loss formula, this comes out to about 25 percent."). At one point the Department and the physician had the following exchange:

> [DEPARTMENT:] [W]ithout tinnitus, Mr. Haggenmiller's bilateral hearing loss is just about 21 percent; correct?
> [WITNESS:] And I'm running those right now. Give me just a second.
> [DEPARTMENT:] Specifically, 20.94 percent?
> [JUDGE:] Just wait until the doctor answers.
> [WITNESS:] Yes, I agree with that.

CP at 225.

It appears that Haggenmiller uses this exchange as the supporting evidence for his assertion that he is entitled to a 25.94 percent total hearing loss, consisting of the aforementioned 20.94 percent hearing loss and a 5 percent tinnitus rating, based on his physician's statement that he would "rate him in the 4 to 5 percent range." CP at 213.

But after performing several more calculations, the physician corrected himself during the following exchange:

> [WITNESS:] I rounded that to 25 percent, you guys. I think it's actually 24.83333.
> [DEPARTMENT:] Okay. 24.83. So without tinnitus we're at 20.4 percent, with the tinnitus we're at 24.83 percent; correct?
> [WITNESS:] Correct.

CP at 227.

Haggenmiller provided no other supporting medical evidence, other than lay testimony, that he was entitled to a permanent partial disability award of 25.94 percent. *See Jenkins*, 143 Wn. App. at 253 (party attacking the Board's decision must support its challenge by a preponderance of the evidence). Viewing the evidence in a light most favorable to Haggenmiller, as the nonmoving party, he has not established a genuine issue of material fact that he was entitled to a greater award than the combined permanent partial disability rating of 24.83 percent for his bilateral hearing loss and tinnitus.

III. PERMANENT PARTIAL DISABILITY AWARD FOR A MENTAL HEALTH CONDITION

Haggenmiller next argues that he is entitled to a separate permanent partial disability award for a mental health condition related to his hearing loss and tinnitus. Before the Board he argued that lay testimony[5] was sufficient, that objective medical evidence was not necessary, and that certain impairments are compensable based solely on subjective statements. He also argued before the Board that it is "appropriate to analogize [his hearing loss] to categories of mental health impairment in light of the similarity in the disruption of daily living caused by the worker's tinnitus." CP at 31.

Kessler and Randolph, the two physicians who presented medical evidence, did not address any related mental health condition. The Board found that:

> Haggenmiller failed to present the necessary evidence to prove his bilateral hearing loss and tinnitus caused a mental health condition. No medical opinion was introduced during the hearing to prove [he] was suffering from a mental health condition. No medical opinion was introduced that stated a diagnosis, a cause of any mental health condition, or a permanent partial disability rating for any mental health condition.

CP at 50. The Board concluded that he "failed to establish a *prima facie* case that his bilateral hearing loss and tinnitus caused a mental health condition." CP at 50. Haggenmiller failed to present any medical evidence to create a genuine issue of material fact of a related mental health condition.

---

[5] Haggenmiller presented only lay testimony from himself and his wife that he has a mental health condition.

## IV. OCTOBER 9, 2009 HEARING LOSS MANIFESTATION DATE

Haggenmiller next argues that the manifestation date of his occupational injury should be June 5, 2012, the date that Kessler performed an audiogram,[6] rather than October 9, 2009, as set by the Board in its October 5, 2011 order. The Department responds that res judicata precludes the parties from rearguing this issue as Haggenmiller did not appeal the Department's order[7] setting October 9, 2009 as the manifestation date, and that order is final and binding on both parties. We agree with the Department.

"[T]he civil rules for superior court, including CR 60, apply to proceedings before the Board and superior court." *Kingery v. Dep't of Labor & Indus.*, 132 Wn.2d 162, 172, 937 P.2d 565 (1997) (a party must "properly appeal" a Board order for the appellate court to consider it); RCW 51.52.140; WAC 263-12-125. If a party fails to appeal a board order within the 60-day time limit under RCW 51.52.060(1), the party's "claim is deemed res judicata on the issues the order encompassed, and '[t]he failure to appeal an order . . . turns the order into a final adjudication, precluding any reargument of the same claim.'" *Arriaga v. Dep't of Labor & Indus.*, 183 Wn. App. 817, 824-25, 335 P.3d 977 (2014) (alteration in original) (quoting *Kustura v. Dep't of Labor & Indus.*, 142 Wn. App. 655, 669, 175 P.3d 1117 (2008)), *review denied*, 182 Wn.2d 1012 (2015).

Under RCW 51.52.050(1)(a) and .060, Haggenmiller had 60 days to appeal the Board's October 5, 2011 order (setting the manifestation date of October 9, 2009). He did not appeal and

---

[6] The parties refer to this as an audiogram, which is the graphical display of the hearing test.

[7] The Department's separate October 5, 2011 order affirmed its July 27, 2011 order, set the manifestation date of injury as October 9, 2009, and allowed Haggenmiller's claim for bilateral hearing loss due to occupational noise exposure.

12

the October 5, 2011 order is final and binding on both parties and res judicata bars relitigation of this issue. *Arriaga*, 183 Wn. App. at 824-25.

## V. ANTI-SLAPP MOTION

Haggenmiller argues that the Department's pleadings filed in response to his post-judgment motions infringed on his free speech and right to petition and violated RCW 4.24.525(1)(a), the anti-SLAPP statute. RCW 42.24.525. Haggenmiller also implies that his pleadings qualify as "protected activity" under RCW 4.24.525(1)(a), to include: prelitigation letters and threats to sue, motion to reconsider, motion for relief, motions for costs, and notice of appeal. Br. of Appellant at 29, 38; *see* Suppl. CP at 738-39. He claims the Department's pleadings violate RCW 4.24.525(1)(a) because they "pre-empt[ed] Haggenmiller's ability to seek relief from a court . . . at a time of his own choosing[,]" which in turn "create[d] an undue burden on Haggenmiller that he did not anticipate when making the initial claim for compensation." Br. of Appellant at 38. And he argues that the Department's "suit against Haggenmiller for making a permanent partial disability claim creates a chilling effect on all citizens who are contemplating making a permanent partial disability claim." Br. of Appellant at 38-39.

Our Supreme Court recently held that the anti-SLAPP statute is unconstitutional. *Davis v. Cox*, ___ P.3d ___, 2015 WL 3413375, at *11 (2015). Thus, Haggenmiller's claims under the anti-SLAPP statute are moot.

## VI. ATTORNEY FEES AND COSTS

Haggenmiller requests attorney fees and costs in this appeal under RAP 18.1(a) and RCW 51.52.130(1). RAP 18.1(a) provides that a party may recover its reasonable attorney fees if "applicable law" permits such recovery. RCW 51.52.130(1) allows attorney fees and costs only in cases where the worker has appealed and "the decision and order of the board is reversed or

modified and if the accident fund or medical aid fund is affected by the litigation." Haggenmiller

cites no authority for a pro se litigant to receive attorney fees. He is not a prevailing party under

RAP 18.1(a) or RCW 51.52.130(1) and thus, he is not entitled to an award of fees or costs.

## VII. CR 11 SANCTIONS

Haggenmiller also requests sanctions against the Department under CR 11.[8] He argues that

it was "unfair" for the Board to schedule the board hearing in Olympia, rather than in Jefferson

County, where Haggenmiller resides. Br. of Appellant at 2. He claims that (1) the Department

engaged in a "fraud on the court," (2) he refers to the Department as "cheaters," (3) he was

prejudiced, and (4) he was denied due process. Br. of Appellant at 2, 48-49. He requests an award

in the amount of $1,710.45 to reimburse him for four hours driving at $400.00 per hour, plus

$0.555 per mile for 190 miles, plus a $5.00 bridge toll fee. But Haggenmiller fails to show how

the Department's request that the Board hold its hearing in Olympia to accommodate a witness

---

[8] CR 11 provides in part:
> The signature of a party or of an attorney constitutes a certificate by the party or attorney that the party or attorney has read the pleading, motion, or legal memorandum, and that to the best of the party's or attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> > (1) it is well grounded in fact;
> > (2) is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law;
> > (3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief. . . . If a pleading, motion, or legal memorandum is signed in violation of this rule, the court . . . may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee.

14

was for an "improper purpose" or violated the rules. CR 11(a)(3). We deny his request for CR 11 sanctions.

## CONCLUSION

We hold that (1) Haggenmiller failed to establish a genuine issue of material fact that he was entitled to a permanent disability award greater than 24.83 percent or a separate award for a mental health condition, (2) res judicata bars relitigation of the October 9, 2009 manifestation date, and even if considered, the medical evidence supports October 9, 2009 as the manifestation date, (3) Haggenmiller's claims under the anti-SLAPP statute, RCW 4.24.525, are moot because the anti-SLAPP statute is unconstitutional, and (4) he is not entitled to relief on his other post-judgment motions, or an award of attorney fees, costs, or CR 11 sanctions. We affirm the superior court's summary judgment order in favor of the Department, affirm the Board's final order dated March 8, 2013, and dismiss Haggenmiller's appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, J.

BJORGEN, A.C.J.

15